## FITZGERALD vs. SPAIN.

1. VENDOR AND VENDEE. *Purchase by vendee, at tax sale.*
   A vendee in possession of land under a title bond, and those claiming under him after his death, as the widow in right of dower, the heirs at law, etc., are bound to pay the taxes, and cannot, either directly or indirectly, acquire title under a sale for taxes that accrued during the time they were bound to pay them.

APPEAL from *Phillips* Circuit Court.

Hon. JOHN E. BENNETT, Circuit Judge.

WILLIAMS, Special Judge:

Addison Spain filed his bill on the chancery side of the Phillips Circuit Court, in which he states that on the 30th day of

December, 1858, he sold to John W. Fitzgerald a certain tract of land described, for thirty-two hundred dollars, payable in three equal installments, due, respectively, the first day of January, 1859, the first day of January, 1860, and the first day of January, 1861, each payment drawing ten per cent. interest after due; that at the time he gave to Fitzgerald a title bond, conditioned that he would make title to Fitzgerald on payment; that at the time he sold Fitzgerald the land he also sold him a negro man and all the stock, farming implements then on the land; that Fitzgerald made various payments to plaintiff, and on the first 1862, he and Fitzgerald had a settlement, and there was found to be due from him on said purchase ($1898.42-100,) eighteen hundred and ninety-eight dollars and forty-two one hundredths, and that Fitzgerald executed and delivered to Spain his writing obligatory for that sum, due one day after date, and drawing ten per cent. interest, and he delivered to Fitzgerald the notes first executed for said property and received this in lieu of them; that after executing this note, Fitzgerald died, leaving Nancy C., his widow, and the other defendants named in the bill, his children, him surviving, without having paid any part of the writing obligatory, and that there had never been any administration on his estate; that, after the death of her husband, Nancy C. paid to plaintiff on the note the sum of four hundred and twenty-two dollars, April 25th, 1866, and the sum of forty-five dollars, December 23d, 1866, both of which sums were credited on said writing obligatory, which was all that had ever been paid thereon and the balance was due and unpaid.

That on the 11th of March, 1867, the said tract of land, while the same was in the possession of the defendant, Nancy C. Fitzgerald, was sold by the tax Collector of Phillips County, for the taxes of 1865 and 1866, and at said sale Judge J. C. Tappan bought the land for the taxes, penalty and cost, and received a certificate of purchase from the Collector.

That soon after said sale Nancy C. Fitzgerald came to Tappan and represented that she was the owner of the land; that it was her home and she desired to redeem the same. She stated that she was poor and had permitted the land to be sold through ignorance, not knowing that the same had ever been assessed, whereupon Tappan permitted her to redeem the land; that Tappan had endorsed his name on that, as well as other certificates of purchase which he held, and when he delivered the certificate of purchase to Nancy C. it was with his name endorsed thereon; that he did not sell or assign the certificate to her, but that Nancy C., in order to defraud plaintiff of any lien on the land, afterwards, on the 15th day of April, 1868, presented the certificate to the Collector of Phillips County, and, upon the false representation that she was the assignee of Tappan, procured him to execute to her a deed for the land, which was acknowledged and recorded; that Nancy C. was, at the time of filing the bill, in possession of the land, and had been from the death of her husband, which was long prior to the tax sale; that he had tendered a deed to defendant for the land in accordance with the conditions of the title bond.

Prayer for the sale of land to satisfy lien and that the tax title be cancelled.

Nancy C. Fitzgerald answered; the other defendants, though served with process, do not answer. Mrs. Fitzgerald admits the purchase of the property and terms and conditions of sale and the main allegations of the bill, and the time and manner of payment, the giving of notes and title bond, etc. But she denies that Spain delivered up to John W. Fitzgerald the three notes executed by him for the purchase money of the land, stock, etc., at the time said Fitzgerald executed his writing obligatory for $1,898.42. That he, Spain, retained in his own possession all of the original notes except the one due January 1st, 1859, which having been previously paid was surrendered to Fitzgerald when

he paid the same.   That the other two which matured on the 1st of January, 1860, and 1861, respectively, were surrendered to Nancy C. on the 27th day of February, 1864, when she paid plaintiff $2,100.   That she was not aware that her husband had ever made a settlement with Spain on the 1st day of January, 1862, and that he had made the writing obligatory for $1,898.42 as the balance due Spain at that time, when she paid him the twenty-one hundred dollars, nor did Spain tell her of the fact, but she acted under the belief that the original notes were unpaid and she so believed when she made the subsequent payment mentioned in the bill.   She claims that all her payments should have gone on the writing obligatory for $1,898.42, which would have extinguished it and left an excess due Mrs. Fitzgerald of about four hundred dollars, as she claims that at the time of paying the $2,100 on the 27th February 1864, Spain *promised* to credit the amount on her husband's notes given the 30th of December, 1858, which she states Spain said he did not have with him at the time.   In this Mrs. Fitzgerald contradicts what she had just averred, to-wit: that these notes were delivered to her when she paid the $2,100 on the 27th of February, 1864.   That afterwards in 1866, when applying for further payments, at her request he gave a receipt for $2,100 paid in February, 1864.   She denies that anything is due Spain, sets up her tax title denying that she had any purpose of defrauding Spain, or her co-defendant in her original purchase.   She makes the allegations of her answer the subject of a cross bill against Spain.   Spain denies the statements of the answer and cross bill as to the payments, and by way of amendment to the bill and answer to the cross bill, he avers that the statements of his original bill, that there was but one writing obligatory for $1,898.42 given by John W. Fitzgerald in January, 1862, was a mistake of his counsel in drawing the bill, and of himself in not stating all the facts, which,

knowing the note sued on to be all that was then due, he deemed unnecessary. That at the time he made the settlement with Spain in January, 1862, that the then overdue notes given in December, 1858, were taken up, and after deducting payments and counting interest there were two notes given for $1,898.42 each. That in February, 1864, Nancy C. paid him the sum of $2,100 in Confederate money and he delivered to her one of the notes executed by her husband in January, 1862, which she burnt at the time. That the note of $1,725 exhibited with Mrs. Fitzgerald's answer was delivered up to John W. in his life time. That after the war closed Nancy C. applied to him for a receipt for $2,100 paid in February, 1864, in Confederate money, giving as a reason that her husband's children, her own step-children, had an interest in the land, and she must show that she had paid for it. The testimoney fully sustains Spain's version of this disputed matter.

Even Mrs. Fitzgerald's sister, Miss Collins, who is her only witness, states on cross examination that but one note was delivered up when Nancy C. paid the $2,100 Confederate money in February, 1864, and that was for $1898.42, as claimed by Spain, and that it was burnt. This totally contradicts her sister, who in her cross bill owned that Spain said then that he did not have either of the notes with him, but promised to credit it on them. Spain is sustained by Mathews, his own witness, and the only witness except Miss Collins, who testified as to this. Mrs. Fitzgerald admits her possession and occupancy of the land at the time the taxes accrued and at the time of the sale therefor, and up to the time of filing her answer, from the death of her husband.

The court below found the facts as claimed by Spain in his original bill as amended, and rendered a decree for the balance due on the note of $1898.42, after allowing the two credits above

Fitzgerald vs. Spain.

mentioned of $492, and $45, and cancelled the tax deed.    Tappan
& Horner, in their deposition, fully show that Mrs. Fitzgerald got
the tax certificate by way of redemption, and although Miss
Collins, who was present, understood it differently, the weight of
the testimony is with Spain.    But it matters not, a vendee in
possession under a title bond in the enjoyment of rents and
profits, or having power to enjoy them, is so far bound to pay
taxes, as to preclude him from acquiring title, directly or in-
directly, from or under a sale for taxes which accrued while he
was so under obligation to pay, and those who claim under such
vendee, as in this case, as dowager, heirs at law and homestead
occupants enjoying, and having the legal right to enjoy the rents
and profits, are in no better plight, and cannot take advantage of
their own wrong in letting the property sell for taxes, to acquire
a title thereby.    *Hall, ad. of Lyon,* v. *Denckler, et al.,* M. S. Opin.
1873 ; *Cochran* v. *Guild,* 8 American Reports, Hilliard on
Vendors, 398 ; *Butler* v. *Porter,* 13 Mich., 299 ; *Barton* v. *Moss,*
32 Ill., 50 ; *Hurt* v. *Rowland,* 22 Iowa, 53 ; *Miller* v. *Corey,* 15
Iowa, 166.    Therefore the court rightly cancelled the tax title.
It follows—this tax title out of the way—that there was a lien
on the land for the unpaid purchase money, and the court properly
so decreed.    Finding no error in the proceeding and decree of
the Circuit Court of Phillips county in this cause, let the same
be in all things affirmed with costs.

Mr. Ch. Justice English did not sit in this case.