## SANDERS, AD., v. ELLIS.

42 215
59 149
59 366
42 215
74 347
74 578

1. TAX SALE: *Redemption: Who entitled to.*
   Almost any right, either at law or in equity, perfect or inchoate, in possession or in action, or whether in the nature of a charge or incumbrance on land, amounts to such ownership as will entitle the party holding it to redeem from a sale for taxes.

2. SAME: *Purchase or redemption by wife in possession.*
   A wife in possession with her children, of her husband's homestead (who has abandoned them and absconded) at the time it is sold for taxes, and receiving the rents and profits of it, can not acquire title to it as against him or his creditors by a purchase at a tax sale, nor by purchase of the tax certificate of another purchaser and taking the tax deed to herself. She will be held to be the agent or trustee of her husband. A stranger in the possession and use of premises can not acquire a title by such a purchase, and her obligations are no less nor her rights any greater than his.

APPEAL from *White* Circuit Court, in Chancery.
Hon. M. T. SANDERS, Circuit Judge.

*J. W. House* for appellant.

1. Mrs. Ellis was a trustee or agent of her husband, and was bound to protect the interest of her husband, for whom she held. *Perry on Trusts, secs. 245, 265, 285.*

2. By occupying the property and assuming control of same, after the departure of the husband, she became his trustee, and could not abuse that trust, nor make a profit out of it, or buy it. *Ib., secs. 194, 200, 209, 429–30–31.*

3. She had such an interest or right that the law imposed upon her the obligation of keeping the taxes paid. The homestead is not a personal right of the debtor, but extends to the family and is intended to protect the home, and she will be presumed to have bought for the benefit of the husband, and only held as trustee for him. *Thompson on Homesteads, etc., secs. 40–1–2–3–4, 95 and 97; Blackwell*

Sanders, Ad., v. Ellis.

*on Tax Titles, p. 399 ; Cooley on Taxation, 345 ; 32 Ark., 97 ; 31 Ib., 334 ; 25 Cal., 45.*

4.  All the circumstances of the case show that the pretended purchase was merely a *redemption* of the property from tax sale.

*W. R. Coody* for appellee.

1.  Mrs. Ellis had no interest in the homestead, during her husband's life, that could affect the tax sale, had she bought it directly, much less, after the time for redemption had expired, and she purchased from a third party. *37 Ark., 302.*

2.  A married woman may acquire property from *any person*, or in any way known to the law, and dispose of the same as a *femme sole*, and such property *is not subject to the debts of her husband. Art. 9, sec. 7, Const.; 2 Bishop on Married Women, secs. 91–2–3 ; 47 Ala., 456 ; Gantt's Dig., sec. 4193 ; Acts 1875 (adj. sess.), p. 172.*

## STATEMENT.

ENGLISH, C. J.  The complaint in this case was filed in the Circuit Court of White County, seventh of December, 1882, by T. N. Sanders as administrator with the will annexed of Richard Bestwick, deceased, against Thomas A. M. Ellis.

The complaint, in substance, alleged· that in the year 1875, Bestwick and Ellis had entered into a partnership for the purpose of purchasing and selling groceries, etc., in the town of Searcy ; stated in the terms of the contract between them the amount of capital put in by each, purchases made, debts contracted, etc.; that Ellis had charge of and conducted the firm business until March, 1877, when, having converted partnership funds to his own use, he absconded to Texas, leaving Bestwick to close the

partnership affairs, pay the debts of the firm, etc., and that Ellis was indebted to Bestwick, on a proper settlement of partnership accounts, in the sum of $1,500. That Bestwick had died testate in January, 1880, and plaintiff had become his administrator with the will annexed.

Upon an affidavit that defendant was a non-resident of the State, and the execution of a bond by plaintiff, an attachment was issued, and levied by the sheriff on the southeast quarter of block four in the town of Searcy, as the property of defendant.

Sarah J. Ellis interpleaded, claiming the property attached, and excepting to the attachment mainly upon the ground that the suit was at law, when it should have been in chancery. The court sustained the exceptions, but permitted plaintiff to amend the complaint, and transfer the suit to the equity side of the court.

The interplea of Mrs. Ellis was in substance as follows: That the lot attached was assessed for taxation in the name of defendant, Thomas A. M. Ellis, for the year 1876, and the taxes levied thereon for that year amounted to $18.75. That on the twenty-sixth day of April, 1877, the collector returned the lot delinquent, and afterwards advertised it for sale, and it was sold on the second Monday of June, 1877, and purchased by Thomas J. Rogers for $23.68, the amount of taxes penalty and costs charged thereon, and the clerk issued to him a certificate of purchase.

That afterwards, and after the expiration of the two years allowed by law for the redemption of said lot, to wit, on the eleventh day of July, 1879, said Thomas A. M. Ellis, nor any one for him, having redeemed said lot, the interpleader, Sarah J. Ellis, then being in possession thereof, was desirous of purchasing the same for a home for herself and family, but not having the means of her own, certain ladies of the town of Searcy interested them-

selves in her behalf, and raised sufficient means to purchase the same from said Thomas J. Rogers, he having kindly donated five dollars of the purchase price to said interpleader to assist her in making the purchase; and upon the payment of the sum of ——— dollars to the said Rogers for the purchase of said land, he, on the said eleventh day of July, 1879, assigned to her his said certificate of purchase. That on the twelfth day of July, 1879, she presented said certificate so transferred to her to the county clerk, who executed, acknowledged and delivered to her, in the usual form, a tax deed of said lot. Wherefore she alleges that she is the owner of said lot in her own right, and that the same is not subject to the debts or liabilities of the said Thomas A. M. Ellis, and she prays that plaintiff's attachment levied thereon be forever superseded as to said lot.

The plaintiff answered the interplea, and the court sustained a demurrer to the answer. He then filed an amended answer in substance as follows: He admits the regularity of the tax sale of the lot; that it was purchased by Rogers and that he transferred his certificate of purchase to the interpleader, and that the clerk executed a tax deed to her for the lot. But he denies that by virtue of said tax sale, transfer and deed, the title to said lot was divested out of defendant, Thomas A. M. Ellis, or that said interpleader thereby acquired any such right or title to said property as to entitle her to plead and set up the same against said defendant or the plaintiff as the attaching creditor in this suit. Because, he says, said interpleader was at the time and is now the wife of said Thomas A. M. Ellis; that said lot and improvements thereon constituted, at the time of said assessment, sale for taxes, assignment of said certificate of purchase, and the execution of said tax deed, the homestead of defendant Thomas A. M. Ellis and his fam-

ily, consisting of his wife, the interpleader, and their children. That said interpleader with her children, at the time of the sale, transfer of said certificate and the execution of said tax deed, and ever since then, until the first day of January, 1880, occupied said property as a homestead. That for the year 1880 she rented out said property and received the rents and profits thereof. That for the years 1881 and 1882, she with her children occupied said property as a homestead. That on or about the first of December, 1882, said interpleader with her family abandoned said property as a homestead, and removed with her husband, the defendant Thomas A. M. Ellis, to the State of Texas where they now reside.

Plaintiff alleges that said interpleader, before the time for the redemption of said property from tax sale had expired, applied to said Rogers for the purpose of making some arrangement, or having an understanding concerning the redemption of said lot. That it was then and there agreed and understood between them that she should redeem the property upon the payment of the amount allowed by law, to wit, the taxes, penalty, costs and interest, and that in lieu of the ordinary mode of redemption, by application to the clerk, payment to the county treasurer, etc., he, Rogers, would assign and transfer the certificate of purchase to her; and further agreed, at the time, at the request of the interpleader, or her agent, that he would assign said certificate at any time, upon payment of the amount agreed upon, though the time for the redemption of the property had expired; and said interpleader, in pursuance of this agreement and understanding, and being assured by said Rogers that he would take no advantage as to time, purposely deferred taking an assignment of said certificate until a few days after the expiration of the two years from the date of tax sale.

That said application to said Rogers was not for the pur-
pose of purchasing said property, but for redemption, and
the amount paid by said interpleader was simply the
amount that said Rogers was entitled to under the law if
said property had been redeemed in the ordinary mode, by
application to the county clerk and treasurer.

Further answering, plaintiff alleges, in addition to the
facts alleged in the bill, that said Thomas A. M. Ellis,
some two or three months before the sale of said property
for taxes, on account of financial trouble and embarrass-
ment, and being largely indebted to plaintiff's testator for
moneys fraudulently procured and appropriated to his own
use, absconded, leaving his family, the said interpleader
and her children, in the possession of said property. That
although he had absconded, or departed in the manner and
for the cause above stated, yet he had not abandoned his
family, whom he expected at some time should and would
again join him as soon as he had established a residence
elsewhere. And so plaintiff alleges that said interpleader,
fearing that if said lot were redeemed before the expira-
tion of two years it would be subject to the payment of
defendant's debts, fraudulently deferred taking an assign-
ment of said certificate until the time before stated, for
the fraudulent purpose of cheating, hindering and delay-
ing the creditors of her said husband, and particularly
plaintiff's testator, in the collection of his claim.

Plaintiff prays that said tax deed be canceled; that the
assignment of said certificate of purchase be declared a
redemption of said property from tax sale, and that said
interplea be dismissed, and for other proper relief.

The interpleader demurred to the amended answer, the
court sustained the demurrer, and, the plaintiff resting,
entered a decree sustaining the interpleader's claim to the
lot, and that her title thereto be quieted, so far as plaintiff

Sanders, Ad., v. Ellis.

was concerned, and that the attachment, so far as it affected her title to the lot, be quashed, set aside and held for naught.

From this decree the plaintiff appealed.

OPINION.

Taking the allegations of the answer to the interplea to be true, a court of equity can not treat the transaction between Mrs. Ellis and Rogers otherwise than as a redemption by her of the land from the tax sale.

1. TAX SALE: Redemption. Who entitled to.

Almost any right, either at law or in equity, perfect or inchoate, in possession or in action, or whether in the nature of a charge or incumbrance on land, amounts to such an ownership as will entitle the party holding it to redeem. *Woodward v. Campbell, 39 Ark., 584.*

Mrs. Ellis had an inchoate right of dower in the lot, which might have been lost to her by the tax sale; she and her children were in possession of the lot and improvements thereon, as the homestead of her absent husband, when the tax sale occurred, and at the time Rogers transferred to her his certificate of purchase; she was enjoying the rents and profits of the property; and she may be regarded as the agent and trustee of her husband. Under all these circumstances, if not her duty, she certainly had a right to redeem the property from tax sale. And her relation to the property was such that she could not have acquired title to it by purchasing it at the tax sale, and did not acquire title as against her husband and his creditors, by purchasing or redeeming from Rogers. *Perry on Trusts, sec. 678, etc.; Frierson, ex., et al. v. Branch, ex., 30 Ark., 464; Jacks v. Dyer et al., 31 Ib., 344; Gwynn et al. v. McCauly et al., 32 Ib., 111; Pleasants et al. v. Mock et al., MS.*

2. SAME: Purchase or redemption by wife of owner.

If Ellis had, on absconding, placed a mere stranger in charge of the lot and improvements, to occupy and have

the use of the property in his absence, and furnished him no money to pay the taxes, such stranger in the use of the premises could not acquire a valid title thereto by permitting them to be sold for taxes, and purchasing at the sale, or procuring another purchaser to transfer to him his certificate of purchase. *Cooley on Taxation, pp. 345–7.*

The obligation and duty of the wife left in the use of the premises could not be less than that of a stranger, nor could her right to acquire title to the property through a tax sale be greater.

The decree must be reversed, and the cause remanded to the court below, with instructions to overrule the demurrer to the amended answer to the interplea, etc.