## DRAKE *v.* SHERBURNE.

Opinion delivered April 29, 1893.

*Fraud—Permitting land to forfeit for taxes.*

> Where, in pursuance of a scheme to defeat the lien of a mortgage of land, the mortgagor permits the land to forfeit to the State for taxes and procures another to purchase the land for the benefit of the mortgagor, or of the mortgagor and himself, such purchaser will be treated as a trustee holding the land as security for payment of the mortgage debt.

Appeal from White Chancery Court.

DAVID W. CARROLL, Chancellor.

Klein executed to Eliza Shilling a deed of trust upon land to secure two notes for $470. Before maturity the notes and mortgage were assigned to Martha Rumble, who afterwards brought this suit against Klein and Sherburne to foreclose the deed of trust.

The complaint alleged that defendant Klein, for the purpose of defrauding Martha Rumble of her security, permitted the land to forfeit for taxes, and failed and refused to redeem it, and afterwards donated it from the State; that he surrendered his donation certificate and procured defendant Sherburne to purchase the land from the State and hold it in his name, while in fact the beneficial interest was in said Klein; that such action being a collusion between defendants for the purpose of defeating plaintiff's security, a decree ought to be rendered declaring Sherburne a trustee for Klein and that said lands be subjected to her mortgage lien.

Afterwards plaintiff died, and the suit was revived in the name of T. B. Drake, as administrator of her estate.

Defendants denied the fraud and alleged that Sherburne was an innocent purchaser.

The court decreed in favor of the defendants and dismissed the complaint. Plaintiff has appealed.

The evidence is sufficiently stated in the opinion.

*House & Cantrell* for appellant.

1. The title from the State in Klein could not be pleaded to defeat his prior mortgage. Mansf. Dig. sec. 642; 47 Ark. 111.

2. There was fraud and collusion between Klein and Sherburne, and the latter became a trustee for Klein. 14 Ark. 69; 23 *id.* 746; 33 *id.* 328; 45 *id.* 520; 23 *id.* 258; 30 *id.* 417; 32 *id.* 257; 22 *id.* 143; 33 *id.* 430; *ib.* 672–3.

*J. N. Cypert* for appellee.

BATTLE, J. We think that the evidence shows that Klein and Sherburne confederated to defeat the enforcement of the deed of trust executed to secure the payment of the two promissory notes of Klein which are held by the appellant; that, in pursuance of this agreement, Sherburne purchased the land in controversy from the State for Klein, or for Klein and himself; that the purchase from the State is fraudulent as to the deed of trust; and that Sherburne should be treated as a trustee holding the land as security for the payment of Klein's two notes.

The decree of the court below is, therefore, reversed, and the cause is remanded with instructions to the court to render a decree in accordance with this opinion, and for other proceedings.