Ross *v.* Frick Company.

Opinion delivered November 12, 1904.

1. STATUTE OF LIMITATIONS—SUSPENSION BY DEATH.—Upon the death of the maker of a note not yet barred the statute of limitations of five years ceases to run. (Page 48.)

2. STATUTE OF NONCLAIM—RUNNING.—The statute of nonclaim begins to run on a demand against the estate of a deceased person from the grant of letters of administration thereon. (Page 48.)

3. TAX TITLE—PURCHASE—BY MORTGAGEE.—While a mortgagee may pay the taxes on the mortgaged land and claim reimbursement therefor, he may not permit the land to be sold for taxes and acquire title under the sale. (Page 48.)

Appeal from St. Francis Chancery Court.

Edward D. Robertson, Judge:

Affirmed.

*Fizer & Beasley,* for appellants.

*Norton & Prewitt,* for appellee.

Battle, J. The appellants have failed to file an abstract of the transcript in this case according to the rules of this court. The decree could be affirmed on account of such failure; but, as we have examined the transcript, we will dispose of it upon the record.

This suit was instituted by "The Frick Company" against Lucy M. Ross and the unknown heirs of John Ross, deceased, to foreclose a mortgage upon certain lands that was executed by John Ross and Lucy Ross, his wife, to secure the payment of five promissory notes. Plaintiff alleged that all of these notes have been paid except two, one of which was for $143.75, and was due and payable on the 1st day of April, 1885, and the other was for the sum of $121.23, and was due and payable on the 1st day of August, 1885.

Lucy M. Ross and the heirs of John Ross, deceased, answered, and alleged:

(1) That the notes remaining unpaid are barred by the five years' statute of limitation; (2) that neither of the notes sued on are described in or secured by the mortgage; (3) that the mortgage has been altered since its execution, so as to change it materially.

Defendants filed a cross complaint in which they allege that the lands were sold for the taxes due for the year 1884, and that Frick & Co., to whose rights the plaintiff has succeeded, redeemed them; that Frick & Co. continued to pay the taxes on the lands until 1896, when they permitted them to be sold for the taxes of 1895, and purchased them at the sale; that the Frick Company has conveyed the land to J. E. Satterfield; that Frick & Co., or "the Frick Company," before the conveyance to Satterfield, sold "large amounts of valuable timber" on the lands; and that Satterfield is now despoiling the land of the timber remaining.

They made "the Frick Company" and Satterfield parties to their cross complaint, and asked for the appointment of a receiver, an order restraining Satterfield from cutting timber on the lands, and for other relief. They afterwards, by an amendment, made N. W. Norton and John Prewett parties.

Satterfield answered the cross complaint, and alleged that Norton and Prewett purchased the lands at the sale for taxes of 1895, and in 1897 assigned to him the certificates of said purchase; and, the time for redemption having expired, and the lands not having been redeemed, the county clerk conveyed them to Satterfield; that "the Frick Company" in 1897 conveyed the same to him by quitclaim deed, and that he is in the possession thereof.

The record shows that the following facts were proved at the hearing of this cause by the chancellor:

John Ross died on the 14th of June, 1885. This suit was commenced on the 20th of November, 1890. The lands were sold for the taxes thereon for the year 1895, and were purchased by Norton and Prewett for "the Frick Company," and the certificate of the purchase was executed to them, which they assigned in 1897 for the company to Satterfield to complete a sale made by it to him; and in the same year, which was during the pendency of this suit, the company conveyed the lands to him by quitclaim deed. The company and Satterfield for many years paid taxes on the land and interest thereon, which amounted to $287.09. For timber sold and removed from the lands "the Frick Company" in 1893 and 1894 received $150, and Satterfield, on the 29th of March, 1899, received for other timber cut on and removed from the lands the sum of $217.50.

The court found that Satterfield succeeded to the rights of "the Frick Company," and is entitled to recover the amount due on the two notes sued on and the taxes paid by him and "the Frick Company" and interest thereon, that the defendants are entitled to a credit thereon for the $150 and the $217.50 for the timber cut and removed from the lands, and that, after such credits are deducted from the amounts due Satterfield, the sum of $248.91 remains unpaid; and ordered that the mortgage be foreclosed, and the lands sold to pay that balance; and the defendants and Satterfield appealed.

There is no evidence that the notes or mortgages sued on were fraudulently altered. The notes are sufficiently described in the mortgage.

This suit was not barred by the statute of limitations, which in this case was five years. The notes were due in 1885. John Ross, who executed them, died on the 14th of June, 1885. There was no administration on his estate before the commencement of this suit, which was in 1890. When Ross died, the statute of limitations ceased to run against the notes, and was succeeded by the two years' statute of nonclaim, which runs from the grant of letters of administration, and none were granted upon the estate of Ross before the commencement of this suit. *Biscoe* v. *Madden,* 17 Ark. 533, 539; *Walker* v. *Byers,* 14 Ark. 256; *Bennett* v. *Dawson,* 18 Ark. 334; *Bennett* v. *Dawson,* 15 Ark. 412; *Worthington* v. *DeBardlekin,* 33 Ark. 651; *Mays* v. *Rogers,* 37 Ark. 155; *Fort* v. *Blagg,* 38 Ark. 474; *Salinger* v. *Black,* 68 Ark. 459, 560.

But this court held in *Whipple* v. *Johnson,* 66 Ark. 204, that "the running of the general statute of limitations of five years as to a note will not, upon the death of the maker, be suspended by the statute of nonclaim until letters of administration are granted upon deceased's estate." It attempted and intended to follow *Worthington* v. *DeBardlekin,* 33 Ark. 651, and cited that case as authority for holding as it did. It was misled by the following language in the opinion in that case: "If the suit was upon the new promise, and could be maintained upon it, three years was the period of limitation applicable to it, the promise being verbal, and the time had not run out when letters of administration were granted to appellants, and then the general statute of limitations ceased to run, and the statute of nonclaim applied, and the suit was commenced against the administrator within two years from the grant of letters." The court was in error as to what was held in the case it attempted to follow.

Satterfield acquired no title to the lands in controversy by the sale for taxes of 1895. They were purchased for the successor to the mortgagee named in the mortgage, or, more accurately speaking, the deed of trust in question in this case. He acquired no interest in the lands by the purchase. In regard to such purchases this court held in *Frierson* v. *Branch,* 30 Ark. 453, as follows: "If the taxes on land embraced in a deed of trust remain unpaid, any beneficiary may pay them, and claim reimbursement

out of the trust fund, but he could not permit the land to be sold for taxes, and acquire a title under the sale." The same is true as to mortgagees and their assigns. 2 Cooley, Taxation (3d Ed.), p. 970, and cases cited.

Decree affirmed.

McCULLOCH, J., did not participate.