## WADE *v.* GOZA.

### Opinion delivered July 3, 1911.

TAXATION—EFFECT OF OCCUPANT PURCHASING AT TAX SALE.—One in possession of land under a claim of ownership, as well as his attorney claiming under him, will not be permitted to strengthen his title by permitting the land to forfeit for taxes and buying it in at tax sale.

Appeal from Chicot Chancery Court; *Zachariah T. Wood,* Chancellor; affirmed.

*Baldy Vinson,* for appellants.

Vinson, the attorney for Wade, specially retained in this particular litigation, did not occupy such fiduciary relation to the appellees as to preclude him from purchasing the certificate of tax sale and acquiring deed thereunder. Wade, the client, had been adjudged not the owner prior to such purchase, was not in possession of the land at the time of the sale, no lien for taxes due the State had accrued during his possession, and the petitioners had been adjudged to have title by a competent court, six months before right to redeem from the sale expired, and had full knowledge of the sale. To have prevented Wade from buying, he must have been in possession at the time the State's lien for taxes accrued, or must have occupied some relation of trust that made it incumbent upon him, as a matter of law or equity, to discharge any lien for the benefit of the appellees. 74 Ark. 253; 15 Ark. 331; 53 Ark. 428; 56 Ark. 193; 70 Ark. 371; 74 Ark. 93; 74 Ark. 253; 29 Ark. 495; 18 Ark. 423-440.

McCULLOCH, C. J. The appellees, J. M. Goza, and Mrs. Lizzie F. Kimberlin, owned a tract of land in Chicot County, Arkansas, of which appellant, James Wade, was wrongfully in possession under a claim of ownership, and in the year 1901 they instituted an action against said appellant to recover possession thereof. They recovered· judgment for possession in a trial at law, but, on appeal to this court, the judgment was reversed, and the cause remanded for a new trial on account of certain errors which occurred in the proceedings. *Wade* v. *Goza,* 78 Ark. 7. The decision of this court remanding the case was rendered on February 17, 1906, and a second trial of the case was had in the circuit court of Chicot County on October 8, 1908, which resulted in a verdict and judgment in favor of appellees for the recovery

of the land, a judgment in favor of appellant Wade for $640 for improvements, and also for the taxes paid on the land. In the year 1904, while the action was pending, appellant Wade mortgaged the land to one Bloch, and after the last trial of the case, no appeal being taken from the judgment of the circuit court, Bloch instituted an action in the chancery court, asking that under his mortgage he be subrogated to the claim of appellant Wade for improvements and taxes, and that a lien be declared by the chancery court and foreclosed. Appellees, as well as appellant Wade and his attorneys, Baldy Vinson and W. G. Streett, who represented him in the litigation, and who claimed a lien on the judgment recovered in Wade's favor for their fees, were made parties to that suit. Wade filed his answer and cross complaint, denying any indebtedness to Bloch under the mortgage, and asking that said mortgage be cancelled. Vinson and Streett also filed an answer adopting the answer of Wade. On the trial of that cause the chancery court rendered a decree in favor of Bloch, subrogating him, to the extent of $300, to Wade's lien on the land, and ordered a foreclosure sale of the land by a commissioner for the purpose of paying the debt to Bloch and the balance to Wade of the amount due for improvements and taxes. The taxes on the land for the year 1906 were not paid, and the lands were sold therefor in June, 1907, and purchased by G. E. Snell. In November, 1908, which was after the last trial of the action wherein appellees recovered judgment for possession of the land, Mr. Vinson procured from Snell an assignment of the certificate of purchase of the land at the tax sale in consideration of his (Vinson's) assignment to Snell of a certificate of purchase of another tract of land which the latter claimed to own. The evidence tends to establish the fact that Vinson claimed to Snell that the land belonged to him or to his client, and that he sought the assignment of the certificate of purchase in the nature of a redemption of the land. Snell testified that he understood it to be a redemption of the land, and that he so regarded the assignment by Vinson of the other certificate to him. Vinson subsequently obtained from the county clerk a deed for the land after the statutory period for redemption had expired in June, 1909. The commissioner appointed by the court to make the foreclosure sale in the suit of Bloch, to enforce the lien for the improve-

ments and taxes, advertised the land for sale on August 9, 1909, and at the sale on that day it was purchased by James R. Yerger for and at the instance of Mrs. Kimberlin, one of the appellees, for $1,200, which was more than sufficient to pay off the decree against the land. Vinson had in the meantime filed a lien for his fees as attorney on the judgment in Wade's favor, and on the day of this sale he paid Bloch's debt and also paid off the claim of Streett, one of his co-attorneys in the case who had filed a lien, and took an assignment from appellant Wade of the decree against the land. He gave notice at the sale of his tax purchase, and claimed the land as such purchaser, but when the commissioner offered the land for sale he bid the amount of the decree against it for which it was about to be sold. Yerger raised his bid to $1,200, and, as before stated, the land was sold to Yerger, for Mrs. Kimberlin, at that price. At a subsequent term of the chancery court Mrs. Kimberlin, who was a nonresident and who had purchased the interest of her co-appellee, Goza, appeared and filed a petition to set aside the Bloch decree. Vinson answered the petition, setting up his purchase at the tax sale and claiming the land as the owner thereof. On final hearing the court rendered a decree canceling Vinson's tax title and holding his purchase to be a redemption of the land from the tax sale, and the court directed that the sum of $892.52, with interest from the date of the judgment in Wade's favor for improvement and taxes, together with all of the amount paid by Vinson for redemption of the land from tax forfeiture, and all subsequent taxes paid by him with ten per cent. interest per annum from the date of payment, be paid over to Vinson by appellees, and that in default of such payment the commissioner be ordered to execute a deed to Vinson conveying the land to him as the next highest bidder thereof at the sale on August 9, 1909. Within the time so specified appellees paid said amount to the commissioner, and he executed to Mrs. Kimberlin a deed pursuant to the order of the court. At the next term of the court Vinson appeared and moved the court that the commissioner be ordered to make him a deed, which motion was overruled, and he appealed to this court.

The proceedings are decidedly involved, and somewhat difficult to follow in all the details of this controversy, but on the present appeal the controversy is narrowed to the question

whether or not Vinson acquired title by Snell's purchase of the land at the tax sale, the assignment of the certificate of purchase to him, and the deed subsequently executed to him pursuant to the tax sale. The proof clearly sustains the finding of the chancellor that Vinson intended as a redemption his acquisition from Snell of the certificate of purchase. He was Wade's attorney in this litigation, and claimed a lien on the judgment for the amount of the improvements and taxes. He stood, therefore, in the same relation toward appellees as his client Wade, so far as this land is concerned. The question then is, did Wade, or his attorney Vinson, have the right, under the circumstances, to purchase the land at tax sale? Wade had been in possession of the land, claiming title and also claiming compensation for improvements and taxes in the event the asserted title of appellees should prove to be superior and should prevail. When the lands were sold for taxes, the action was pending in the circuit court. It is claimed that Wade moved off the land prior to that time, and was not actually occupying it, at the time of the sale. He was, however, resisting the attempt of appellees to recover possession. He was denying their right to possession, and was still contesting the suit which they had instituted. The situation was, therefore, the same as if Wade remained in actual possession, so far as concerned the right of appellees to take the possession while the suit was pending. Now, it is perfectly clear that neither Wade nor his attorney in that case could acquire title to the land while in possession thereof contesting appellee's title and right of possession. Under those circumstances, the duty rested upon Wade to pay the taxes, and neither he nor his attorney can profit by his default in that respect. A court of equity will not permit a party to claim a title thus acquired on account of his own default while he was wrongfully withholding possession of the land from the rightful owner. *Whiting* v. *Beebe,* 12 Ark. 421; *Frierson* v. *Branch,* 30 Ark. 453; *Jacks* v. *Dyer,* 31 Ark. 334; *Guynn* v. *McCauley,* 32 Ark. 97; *Hunt* v. *Gaines,* 33 Ark. 267; *Ross* v. *Frick Co.,* 73 Ark. 45. Vinson purchased immediately after the judgment of the court which adjudged the title to be in appellees, but awarded compensation to Wade for the value of his improvements. The statute provides that in such cases "if the value of the improvement made by the occupant and the taxes paid as aforesaid shall exceed the amount

of said damages and mesne profits combined, the court shall enter an order as a part of the final judgment providing that no writ shall issue for the possesion of the lands in favor of the successful party until payment has been made to such occupant of the balance due him for such improvements and the taxes paid; and such amount shall be a lien on the said lands, which may be enforced by equitable proceedings at any time within three years after the date of such judgment." Kirby's Digest, § 2755. Now, it was while such a judgment as the above statute authorizes was in force that Vinson, as Wade's attorney, obtained from Snell the certificate of purchase. The status of the parties was practically unchanged since the forfeiture for taxes save that in the meantime the above-named judgment for improvements and taxes was rendered. After the rendition of the judgment the attitude of Wade was that of a mortgagor or lienor in possession, and, according to well-settled principles of equity, he could not acquire a tax title to the land under a forfeiture which occurred during his own default. We conclude, therefore, that the decision of the chancellor was correct, and the same is affirmed.

KIRBY, J., dissents.