ADAMS *v.* SIMS.

Opinion delivered June 18, 1928.

*Morris & Barron,* for appellant.

*J. E. Holtzendorff* and *Chas. B. Thweatt,* for appellee.

HUMPHREYS, J. Separate suits were brought in the chancery court of Prairie County, Southern District, by D. D. Adams, trustee of the City National Bank of St. Louis, Missouri, against J. E. Sims and Maggie M. Sims; and by D. D. Adams, trustee for the Liberty Central Trust Company of St. Louis, Missouri, against J. T. Sims and Bessie B. Sims, to cancel deeds executed in the year 1926 by Road Improvement District No. 5 of Prairie County and Hazen-LaGrue-Slovak Road Improvement District No. 8 of Prairie County to Maggie M. Sims, to the following described real estate, to-wit: The northeast quarter of block D, Hurst's Addition to the town of Hazen, Arkansas; and to Bessie B. Sims to the following described real estate, to-wit: northeast part of lot 2 and northwest quarter of section 30, township 2 north, range 5 west, containing 10 acres; and to quiet the title to said lands in themselves, and for a writ of assistance to obtain the possession of said land, upon which appellees were residing.

It is alleged, in substance, that the lands acquired from the road district by the Madams Sims were tax deeds based upon forfeitures of the lands constituting the respective homesteads of the Messrs. Sims, who never paid the special improvement taxes for the year 1923, and which it was the duty of the Messrs. Sims to pay, and that at the tax sales the districts bought the lands, and that, after the expiration for the time for redemption, conveyed the respective homesteads to the Madams Sims. It was further alleged that title to the J. F. Sims homestead was acquired by the National City Bank of St. Louis, Missouri, and title to the I. T. Sims homestead was acquired by the Liberty Central Trust Company of St. Louis, Missouri, on the 11th day of May, 1925, under mortgage foreclosure sales on mortgages which J. F. Sims and wife had executed to said bank and I. T. Sims and wife had executed to the trust company on March 29, 1923, to secure large amounts, which they failed to pay at maturity.

Answers were filed to the separate suits, in substance, to the effect that each of the Madams Sims bought her respective husband's homestead from the road districts subsequent to the mortgage foreclosure, with their respective individual funds.

The suits were consolidated for the purpose of trial and heard upon the pleadings and testimony adduced by the respective parties, resulting in a dismissal of each complaint, from which is this appeal.

The facts as revealed by the record are briefly stated by appellants as follows:

"On March 29, 1923, J. F. Sims and his wife, Maggie Sims, jointly mortgaged their homestead to the National City Bank of St. Louis, Missouri, to secure $12,500 and future advances, and on the same day I. T. Sims and his wife, Bessie Sims, jointly mortgaged their homestead to the Liberty Central Trust Company of St. Louis, Missouri, to secure a loan of $15,000 and future advances. They defaulted in payment of the indebtedness secured by these mortgages, and on April 9, 1925, a decree was

rendered in the Prairie Chancery Court, Southern District, awarding to the National City Bank a judgment against J. F. Sims for $14,264.19, declaring it a lien upon his homestead, and a judgment in favor of the Liberty Central Trust Company for $17,552.33 against I. T. Sims, and declared it a lien upon his homestead. The foreclosure suits were consolidated, and the judgments and liens against the Sims and their homesteads were embodied in the same decree. The Sims failed to pay the liens against their respective homesteads, and the court's commissioner, on July 27, 1925, sold same. D. D. Adams, as agent of the National City Bank, became the purchaser of J. F. Sims' homestead for $5,000, and, as agent for the Liberty Central Trust Company, he purchased the I. T. Sims homestead for a like sum. Both of said mortgages foreclosed contain the statutory words necessary to create a warranty of title. The homestead of J. F. Sims and Maggie Sims was occupied by them at the time of the giving of said mortgage, and they have continued to reside therein. The homestead of I. T. Sims and Bessie Sims was occupied by them at the time they mortgaged it, and they have since continued to reside therein. Both homesteads were delinquent for 1923 assessments of Road Improvement District No. 5 of Prairie County and Hazen-LaGrue-Slovak Road Improvement District No. 8 of Prairie County. The districts purchased the homesteads, and in the year 1926, after the time for redemption had expired, conveyed the J. F. Sims homestead to his wife, Maggie Sims, and I. T. Sims' homestead to his wife, Bessie Sims.''

Appellants contend that a duty rested upon the Messrs. Sims, as owners and mortgagors, to pay the taxes accruing against their respective homesteads after they mortgaged them to appellants, and that they and their wives were estopped to subsequently purchase and acquire the tax titles based upon forfeitures for the non-payment of special improvement road tax for the year 1923, except as a redemption thereof from the forfeiture and sale. The special road improvement taxes accrued

after the mortgages were executed by the Messrs. Sims and their wives to appellants, and forfeitures for the nonpayment thereof occurred prior to the foreclosure of same. It was clearly the duty of the Messrs. Sims to pay the road improvement taxes when same became due, and, failing to do so, it was their duty to redeem the lands from the sales. This court is committed to the doctrine that the mortgagor must pay the taxes upon the mortgaged property, and that for this reason he cannot allow said property to be sold for the nonpayment thereof and acquire title by purchase at the sale antagonistic to that of his mortgagees. His purchase at such a sale must be regarded and treated as a redemption of the mortgaged property from the forfeiture and tax sale. *Drake* v. *Sherburne,* 57 Ark. 563, 22 S. W. 430; *Randolph* v. *Nichol,* 74 Ark. 93, 84 S. W. 1037; *Wade* v. *Goza,* 99 Ark. 543, 139 S. W. 639. We do not think the foreclosure of a mortgage in the interim between the accrual of taxes and sale under the forfeiture should change the rule. If the foreclosure of the mortgage in the interim reversed the rule, a mortgagor would reap a benefit from his own wrong and neglect in failing to pay the taxes. It is true that a foreclosure decree and sale of mortage lands extinguishes the relationship of mortgagor and mortgagee, but the cessation of such a relationship certainly cannot place the mortgagor in a position to take advantage of his own neglect and failure to pay taxes which were levied and which became payable before the mortgage foreclosure and sale of the mortgaged property. It would be otherwise in tax sales for taxes which became payable after the mortgage foreclosure.

Appellees argue, however, that no duty whatever rested upon the wives of the Messrs. Sims to pay the taxes which accrued before the mortgage foreclosure, and that therefore they had a right to purchase the lands with their separate funds at the tax foreclosure sales which occurred after the mortgage foreclosures. This court ruled in the case of *Herrin* v. *Henry,* 75 Ark. 273, 87 S. W. 430, (quoting syllabus) that ''where an insolvent

debtor permitted his land to forfeit for taxes, and bought it in his wife's name and with her means, the transaction will be treated, so far as his creditors are concerned, as, in effect, a redemption of the land by him." The argument of appellees is completely answered by this case, without further comment by us.

On account of the error indicated the decree is reversed, and the cause is remanded with directions to the trial court to cancel the road improvement district deeds to Maggie M. Sims and Bessie B. Sims, and to quiet the title to said property in appellants as against appellees, and to issue a writ of assistance for the possession of said property.