ZIMMERMAN *v.* FRANKLIN COUNTY SAVINGS BANK & TRUST COMPANY.

4-4734

Opinion delivered October 4, 1937.

*W. A. Leach* and *Joseph Morrison,* for appellant.
*Ingram & Moher,* for appellee.

SMITH, J. On May 18, 1920, George A. Zimmerman and Nettie C., his wife, executed the mortgage here

sought to be foreclosed, to secure their principal note for $8,000. The property conveyed was their homestead. George A. Zimmerman died intestate September 21, 1929, and his wife November 13, 1929. They were survived by two sons, Ralph and G. R. Zimmerman, who were their only heirs-at-law.

On April 15, 1927, the land was sold pursuant to a decree of the chancery court to the Northern Road Improvement District for the nonpayment of the road improvement taxes due thereon for the year 1925, and on July 27, 1929, the improvement district assigned the certificate of purchase given it by the commissioner making the sale to Iva Zimmerman, who is the wife of Ralph Zimmerman. On August 21, 1929, the commissioner conveyed the land to Iva Zimmerman, and this deed was duly approved by the court on October 7, 1929.

A complaint was filed May 18, 1933, to foreclose the mortgage. Iva Zimmerman filed a separate answer, and she and Ralph, her husband, filed an answer and cross-complaint, alleging the title to be in Iva by virtue of the commissioner's deed above-mentioned, and prayed the dismissal of the foreclosure proceeding.

The court found "* * * that the said Iva Zimmerman acquired no title to said land under said commissioner's deed; that said acquisition was nothing more than a redemption; and that the same is void and should be canceled, and that said cross-complaint should be dismissed." Upon this finding the foreclosure of the mortgage was decreed, and this appeal is from that decree.

It appears that George A. Zimmerman and his wife were advanced in years and in bad health for some years prior to their death, and that their son Ralph and Iva, his wife, lived on the land and kept house for George A. Zimmerman. Ralph and his wife had lived on the land since 1928. Iva Zimmerman testified, in effect, that her father-in-law did not have funds to effect a redemption, and that it was agreed that the land would be lost if not redeemed, and that she, therefore, paid her own money, which she had inherited from her father, to acquire the certificate of purchase from the improvement district;

that she did not intend to defraud anyone, but did not want to see the land lost for taxes and she had, therefore, bought the certificate of purchase with her own money for her own benefit.

We think, under these circumstances, the court correctly held that "said acquisition was nothing more than a redemption." The law is very definitely settled that persons in possession of land, enjoying the rents and profits thereof, cannot acquire title thereto by permitting it to sell for taxes and buying at the sale therefor. This is true because it is their duty to keep the taxes down. *Fitzgerald* v. *Spain*, 30 Ark. 95; *Guynn* v. *McCauley*, 32 Ark. 97; *Hunt* v. *Gaines*, 33 Ark. 267; *Sanders* v. *Ellis*, 42 Ark. 215; *Rodman* v. *Sanders*, 44 Ark. 504; *Drake* v. *Sherburne*, 57 Ark. 563, 22 S. W. 430; *Ross* v. *Frick Co.*, 73 Ark. 45, 83 S. W. 343; *Wade* v. *Goza*, 99 Ark. 543, 139 S. W. 639; *Galloway* v. *Battaglia*, 133 Ark. 441, 202 S. W. 836; *Roberts* v. *Miller*, 173 Ark. 38, 291 S. W. 814; *Adams* v. *Sims*, 177 Ark. 652, 9 S. W. (2d) 329; *Williams* v. *Maners*, 179 Ark. 110, 14 S. W. (2d) 1104. See, also, Jones on Arkansas Titles, § 1299.

Now, Iva Zimmerman was not in possession as owner, nor was it shown that she received directly any of the rents and profits from the land. But she was living as a member of the family of her father-in-law, who did claim title and who enjoyed the rents and profits therefrom, and she, therefore, had this indirect interest in and benefit from the land.

In the early case of *Hunt* v. *Gaines, supra,* it was held (to quote the headnote) that "A purchase of lands at tax sale by one who is receiving the rents and profits, and ought to keep down the taxes, can never strengthen his title."

In the earlier case of *Fitzgerald* v. *Spain, supra,* it was held that "* * * a vendee in possession under a title bond in the enjoyment of rents and profits, or having power to enjoy them, is so far bound to pay taxes, as to preclude him from acquiring title, directly or indirectly, from or under a sale for taxes which accrued while he was so under obligation to pay, and those who

claim under such vendee, as in this case, as dowager, heirs-at-law and homestead occupants enjoying, and having the legal right to enjoy the rents and profits, are in no better plight, and cannot take advantage of their own wrong in letting the property sell for taxes, to acquire a title thereby.''

This principle controls the decision in the cases above cited. In one of the latest of these, that of *Adams v. Sims*, it was held that, where the mortgagor permitted the mortgaged premises to be forfeited for nonpayment of a road improvement assessment, and subsequently bought them from the road district in his wife's name, and with her means, the transaction would be treated as a redemption by him.

It would contravene the policy of the law which controls the decision of the cases above cited to permit Mrs. Iva Zimmerman, whose husband inherited a half interest in the land subject to the mortgage before the confirmation of her deed, to defeat the mortgage debt in this manner, inasmuch as she was living on the land with her father-in-law as his housekeeper when the lands were sold for the nonpayment of the improvement taxes.

The decree is correct, and is, therefore, affirmed.