ENSMINGER *v.* SHEFFIELD.

4-9789                                                   248 S. W. 2d 877

Opinion delivered May 19, 1952.

*Wood & Chesnutt* and *Ray S. Smith, Jr.,* for appellant.

*F. D. Goza,* for appellee.

ROBINSON, J. Appellants, plaintiffs in the trial court, contend they are the owners of certain land; that the defendant, now appellee, Sheffield, is claiming title to the property by virtue of a quitclaim deed from Oscar Bayliss and his wife, Vadea; that Bayliss claimed title by purchase at a sale for the 1946 taxes; that the tax sale was void and asks that it be removed as a cloud on the title. The Chancellor dismissed the complaint for the want of equity.

The complaint alleges numerous reasons why the tax sale is void, but appellant relies on the allegation that the clerk failed to attach to the tax books his warrant for collection of the taxes as prescribed by § 84-807, Ark. Stats. Sheffield defended on the theory that the appellants, Mabel Phillips and Freeman Lumber Company, had no interest in the property—therefore no right to maintain the suit—and as against the appellant Ens-

minger relies on Ark. Stat. § 84-1313, which is as follows:

"In all controversies and suits involving title to real property, claimed and held under and by virtue of a deed executed substantially as aforesaid by the Clerk of the County Court, the party claiming title adverse to that conveyed by such deed, shall be required to prove in order to defeat the said title, either that the said real property was not subject to taxation for the year (or years) named in the deed, or that the taxes had been paid before the sale, that the property had been redeemed from the sale, according to the provisions of this act, and that such redemption was had or made for the use and benefit of persons having the right of redemption, under the laws of this State; or that there had been an entire omission to list or assess the property, or to levy taxes, or to give notice of the sale, or to sell the property. But no person shall be permitted to question the title acquired by a deed of the Clerk of the County Court without first showing that he, or the person under whom he claims title to the property, had title thereto, at the time of the sale, or that title was obtained from the United States, or this State, after the sale, and that all taxes due upon the property have been paid by such person, or the persons under whom he claims title as aforesaid; Provided, in any case where a person had paid his taxes, and through mistake (or otherwise) by the collector, the land upon which the taxes were paid was afterward sold, the deed of the Clerk of the County Court shall not convey the title. Provided further, in all cases, where the owner of lands sold for taxes, shall resist the validity of such tax title, such owner may prove fraud committed by the officer selling the same, or in the purchaser to defeat the same, and if fraud is so established, such sale and title shall be void."

It was proved by the evidence that Mabel B. Phillips owned the property and contracted to sell it to Ruth Ensminger, who took possession at the time of the execution of the contract in 1946. Later the property was

mortgaged to L. V. Freeman Lumber Company. Hence, all the appellants are proper parties to the litigation.

In *Cecil* v. *Tisher and Friend,* 206 Ark. 962, 178 S. W. 2d 655, it is said: ''It is true that appellants did not deraign their title in their complaint or refer to their deed or other muniments of title, but they did allege ownership of the land and introduce proof to sustain the allegation. In this character of suit we think all that is necessary to be alleged in the complaint is ownership, and proof of ownership is all that is required to sustain the allegation. It was not necessary to set out in the complaint appellants muniments of title or to make profert of them in evidence.''

It is true that the property was conveyed and mortgaged under the wrong description, correction deeds and mortgage being executed December 29, 1949. But, this fact in no way inures to the benefit of appellee. There is no issue of estoppel or of an innocent purchaser being involved.

As to appellee's reliance on Ark. Stat. § 84-1313, set out above, in *Cooper* v. *Freeman Lumber Co.,* 61 Ark. 36, 31 S. W. 981, 32 S. W. 494, the court held that § 6625, Sandels & Hill Digest, now Ark. Stats. § 84-1313, could not cut off a meritorious defense to a tax sale. In *Stade* v. *Berg,* 182 Ark. 118, 30 S. W. 2d 211, Chief Justice HART, speaking for this court said: ''In the case at bar, the defendants assume this burden and show by proof, which is not attempted to be contradicted, that the tax warrant required to be delivered to the collector by the clerk of the court on and before the first Monday in January of each year was not delivered until the 22nd day of January, 1925. This section of the statute provides that the clerk of the county court of each county shall, on or before the first Monday in January in each year, make out and deliver the tax books of his county to the collector with his warrant thereunto attached, under his hand, and the seal of his office authorizing such collector to collect such taxes. The section also provides the form of the collector's warrant.'' In the case at bar, the undisputed evidence is that there was no clerk's warrant delivered to

the collector as provided by Ark. Stat. § 84-807, and the tax sale has not been confirmed.

The appellants have shown a substantial and meritorious defense against appellee's claim growing out of appellee's grantor's purchase at the tax sale. The trial court, therefore, erred in denying to the appellants the relief prayed.

Accordingly, the decree is reversed for further proceedings not inconsistent with this opinion.