HERFORD *v.* SCALES

5-3814                                        399 S. W. 2d 653

Opinion delivered March 7, 1966

*John D. Eldridge,* for appellant.

*W. J. Dungan* and *James F. Daugherty,* for appellee.

OSRO COBB, Justice. This suit involves title to a 40-acre tract of land in Woodruff County.

It was stipulated in the trial court as follows:

(a)   That P. A. Randall acquired said land by deed from T. T. Bateman on August 9, 1917.

(b)   That P. A. Randall was married three times.

(c)   That appellants are children of P. A. Randall by his first two marriages.

(d)   That the third marriage of P. A. Randall was to Mollie Scales in 1931.

(e)   That appellees are the children and legal heirs of Mollie Scales Randall by a prior marriage.

(f)   That both P. A. Randall and Mollie Scales Randall died intestate, P. A. Randall expiring on February 24, 1944, and Mollie Scales Randall expiring in June, 1964.

(g)   That state, county and school taxes in the amount of $88 were not paid for the year 1930 by P. A. Randall, owner, and said lands were thereafter forfeited

to the state and title of the state thereto was confirmed by decree of the Woodruff County Chancery Court of May 10, 1937.

(h) That on October 1, 1937, P. A. Randall and Mollie Scales Randall, for a consideration of $40, purchased from state Deed No. 63183 covering said 40 acres of land, same reciting that said sale had been made under the provisions of Act 129 of 1929 and setting forth both of said purchasers as grantees.

The dispute between the parties arises out of the contention of appellants that the sale of said lands by the state was in reality a mere redemption by an owner of tax-forfeited lands.

The trial court, however, entered a decree accepting the contention of appellees that the conveyance from the state to P. A. Randall and Mollie Randall was a sale vesting them with title by the entirety; that upon the death of P. A. Randall all of said title and ownership vested in Mollie Randall, and upon her death intestate title passed to her heirs at law, appellees. Claims of appellants were therefore dismissed for want of equity.

On appeal the sole question presented is whether the deed from the state in October, 1937, was a sale of or redemption of tax-forfeited lands. We have concluded that it was a sale and that the decree of the Chancery Court was therefore correct. We enumerate some of our principal reasons in support of this conclusion:

1. The state deed conveyed to P. A. Randall and Mollie Randall, as tenants by the entirety, it being noted that the latter grantee did not have any vested interest in the land at time of forfeiture.

2. The deed was for a consideration of $40. Taxes due amounted to $88. A redemption clearly contemplates payment of taxes due at time of forfeiture; indeed we know of no statutory provision authorizing redemption

as such for less than the taxes due and owing. See *Vandergrift* v. *Lowery,* 195 Ark. 257, 111 S. W. 2d 510.

3. Act 129 of 1929 [Ark. Stat. Ann. §§ 10-901, -902 (Repl. 1956); Ark. Stat. Ann. §§ 84-1122, -1227 (Repl. 1960)], under which the state conveyed its title, is wholly devoted to the subject of sales of tax-forfeited lands, containing no provision as to redemption of said lands.

4. Section 9 of said Act declares an emergency because of much land being forfeited to the state and loss of taxes thereon and need of funds from sales thereof.

5. This statute authorized the public, without excluding former owners, to purchase lands held by the state as a result of tax forfeitures. There were no limitations expressed or implied as to such purchasers. We find no problem as to the intent of the act, same being to authorize sales by the state of tax-forfeited lands to all and sundry purchasers. Appellant has produced no case suggesting a different construction of the intent of said Act 129. Indeed most of the case authorities cited by appellant pre-date the passage of the act.

There are many situations where the purchaser at a tax sale from the state does not acquire title. We have uniformly held that persons under a duty to others in connection with the payment of taxes due and payable upon realty cannot default in performance of said duty, thus causing a tax forfeiture, and thereafter purchase at tax sale and strengthen their title, if any, thereby. In such situations the purchase assumes the nature of a tax redemption with credit against the taxes due for the payment made at the sale, and the title remains exactly the same as it existed at time of forfeiture. For example, we have held:

Life tenant cannot obtain the remainderman's interest by tax sale. *Galloway* v. *Battaglia,* 133 Ark. 441, 202 S. W. 836.

A tenant in common cannot obtain the interest of cotenant by purchase at tax sale. *Cocks* v. *Simmons,* 55 Ark. 104.

Mortgagor cannot cut off mortgagee. *Zimmerman* v. *Franklin County Savings Bank & Trust Co.,* 194 Ark. 554, 108 S. W. 2d 1074.

Party in possession cannot acquire title by permitting to sell for taxes and buying thereafter. *Roberts* v. *Miller,* 173 Ark. 38, 291 S. W. 814; *Findley* v. *Tyler,* 227 Ark. 663, 300 S. W. 2d 598.

Party in possession under color of title who permits it to be sold for taxes acquires no title by purchase of tax deed. *Guynn* v. *McCauley,* 32 Ark. 97. One in possession of land under a claim of ownership will not be permitted to strengthen his title by permitting the land to be forfeited for taxes and buying at a tax sale. *Wade* v. *Goza,* 99 Ark. 543, 139 S. W. 639. Agent of owner purchasing in own name at a tax sale merely effected redemption for owner and acquired no title. *Patterson* v. *Miller,* 154 Ark. 124, 241 S. W. 875.

The principles announced in the foregoing cases are in no way disturbed and are not here involved.

*Pinkert* v. *Williamson,* 225 Ark. 834, 287 S. W. 2d 8, is strikingly similar to this case as to a purchase of lands forfeited to the state and we quote therefrom:

". . . Appellant insists that when appellee's father obtained his deed from the State in 1937 he was, in effect, redeeming the land from a forfeiture for the non-payment of taxes; that a purchase of tax-forfeited land from the State by one who owned the land at the time of its forfeiture amounts to a redemption. This would be true in some circumstances, such as where there is a remainderman, but that situation does not exist here. Moreover, the fa-

ther of the appellee was not the only purchaser from the State; appellee's mother was also a grantee, the result being an estate by the entirety. Prior to the purchase from the State, the mother had owned no interest in the land, but she acquired an interest in the 1937 deed from the State. Through the death of her husband, her estate by the entirety ripened into sole ownership, subject, of course, to any intervening divestiture."

The real issues in the *Pinkert* case, supra, were related to color of title and adverse possession asserted as to unimproved lands, but that portion of the opinion relating to the purchase of tax title from the state in the name of the forfeited owner and his wife creating an estate by the entirety is directly applicable to this case.

The decree of the Chancery Court is affirmed.