The Honorable Charlie Daniels Commissioner of State Lands State Capitol Building Little Rock, AR 72202
Dear Commissioner Daniels:
This is in response to your request for an opinion on the following question:
 If real estate which is sold by the State Land Commissioner pursuant to the provisions of Act 626 of 1983, as amended, has valid, recorded liens on it at the time of sale, do such liens transfer to the new purchaser of the property, or are they considered the obligation of the prior owner?
The following statement in Corpus Juris Secundum, Volume 85, Taxation, 907(a) (1954), offers some guidance in responding to this question:
 Since . . . it is competent for the legislature to make the lien of taxes on real estate paramount to all other existing liens and encumbrances, and since the tax sale may be considered as creating a new and independent title, . . . it is generally held that the tax title destroys and extinguishes all existing liens, charges, and encumbrances, or, at least, those inferior or subordinate to the tax lien.
It may be concluded, based upon a review of relevant statutory provisions and caselaw authority, that this statement accurately describes the law in Arkansas. While there are no cases directly on point, the Arkansas Supreme Court has stated that "[a] tax sale operates in rem and will bar the rights of all interested parties." Champion v. Williams, 165 Ark. 328, 335, 264 S.W.2d 972
(1924). Although this statement was made in reference to the rights of persons holding remainder interests, it has significant implications for purposes of your inquiry. The Court's statement that the tax sale operates "in rem" indicates that the sale is intended to convey the property, and not merely the interest of the delinquent tax payer. 85 C.J.S. Taxation 905(d) states in pertinent part:
 Under some statutes, particularly where the tax is against the land itself and the proceedings are strictly in rem, the title acquired by the purchaser is not derivative, but is a new, original, and independent title, according to the authorities on the question, in the nature of a grant from the sovereignty, which is paramount to, or extinguishes, all other titles, interests, and equities, whether of record, possessory, or adverse. This title is entirely disconnected from that of the former owner, and is antagonistic to all other claims to the land.
It may thus be concluded that the purchaser in Arkansas takes a new title, subject to actions contesting the validity of the conveyance. See A.C.A. 26-37-203 (Supp. 1987). This follows from the clear priority of the tax lien under A.C.A. 26-34-101, and from the fact that the tax sale operates in rem, thus effecting the conveyance of a "new, original and independent" title.
Several Arkansas cases involving various challenges to the validity of tax sales also point to this conclusion. The Arkansas Supreme Court in Booth v. Peoples Loan Investment Company,248 Ark. 1213, 455 S.W.2d 868 (1970) affirmed a lower court's finding that the tax forfeiture in question was void due to the failure to comply with several procedural requirements. It is clear from this case that, but for the mortgagee's successful effort to seek cancellation of the deeds from the Commissioner of State Lands as clouds on its title, the subsequent mortgage foreclosure would have failed. The discussion of the lower court's judgment for amounts paid to obtain the tax deeds is also illustrative. The Court ruled that the purchase at the tax sale was only a redemption from the forfeiture and sale, thus reversing the lower court's ruling that the purchasers were entitled to judgment against the mortgagee for amounts paid for the tax deeds. The court reviewed the case of Adams v. Sims, 177 Ark. 652, 9 S.W.2d 329
(1928), citing the following statement in that case in reaching its conclusion:
 This Court is committed to the doctrine that the mortgagor must pay the taxes upon the mortgaged property, and that for this reason he cannot allow the property to be sold for the nonpayment thereof and acquire title by purchase at the sale antagonistic to that of his mortgage.
248 Ark. at 1220, citing Adams v. Sims, 177 Ark. at 655. This discussion indicates that the Commissioner's deed will ordinarily cloud the interest of a lienholder, thus precluding the subsequent enforcement of a lien against the property. See also Ensminger v. Sheffield, 220 Ark. 598, 248 S.W.2d 877 (1952). It therefore appears, in response to your specific question, that the liens do not transfer to the new purchaser of the property.
It must be noted, finally, that the tax sale will ordinarily not affect the obligation of the prior owner, that is, the obligation that was secured by a lien will usually continue notwithstanding the tax sale, and the prior owner will still be subject to a personal judgment. However, consideration must always be given to any applicable contract or other document.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.