4-5215                                           121 S. W. 2d 91.

Opinion delivered October 31, 1938.

*Byrd & Love,* for appellant.

*J. S. Brooks, J. S. Brooks, Jr.,* for appellee.

GRIFFIN SMITH, C. J.  Tom Marlin, as receiver of El Dorado Building & Loan Association, brought suit against J. L. Hudson, Jennie Hudson, and H. S. Hodges.  At a later date F. D. Lovett was made defendant.

The Hudsons are husband and wife.  Hodges is Mrs. Hudson's father.  In 1929, the Hudsons borrowed $1,700 from the building and loan association, repayable $22.95 per month.  The residential property which forms the subject-matter of this controversy was mortgaged to secure the debt.  The Hudsons defaulted in their payments in April, 1933, and thereafter no payments were made.  Taxes were not paid for 1932.  At the collector's sale in June, 1933, the property went to the state for delinquencies of $30.19, which under the terms of the mortgage the Hudsons were obligated to pay.

The property, having been certified to the state, was purchased by Hodges February 21, 1936.  March 13, 1936, Hodges sold to Lovett, who made no defense to appellant's suit.

After defaulting in their payments, the Hudsons tendered the property to the Building & Loan Association, but the offer was declined.  The receiver's suit was filed in November, 1936.  As to the Hudsons, judgment and

foreclosure were sought. As to Hodges, it was sought to set the tax sale aside, and as to Lovett it was sought to have the deed from Hodges set aside.

The complaint alleges that Hodges was a member of the household of his co-defendants; that the loan of $1,700 "was used by the defendant for the purpose of acquiring said property as a home in which to live and in which all of them did live as one household; that all of said defendants had a common interest in the payment thereof, and a common interest in said property to the extent that it furnished to all of them a home; that it was their duty to pay the taxes; that by reason of the fraudulent scheme and device of permitting the same to be sold for taxes and permitting the said H. S. Hodges, a member of the family, to purchase the same from the state and obtaining a tax deed therefor, they have endeavored to defeat this plaintiff in the collection of the debt.''

The cause was heard on an agreed statement of facts, supplemented by the deposition of J. L. Hudson, who testified that Hodges purchased the property for his own use, and not for the benefit of anyone else. Hudson also testified that he and his wife moved from the place more than six months before Hodges procured his deed from the state.

The chancellor found that the tax title was void (1) because the assessor did not attach to the assessment rolls the oath prescribed by § 18 of act 172 of the Acts of 1929; (2) the clerk, in the absence of such oath, had no authority to receive the assessments; (3) that the oath, in the form prescribed by the act, was mandatory, and therefore jurisdictional, the absence of which rendered the sale for delinquencies under the assessment void, and (4) that sale by the collector was void for the additional reason that the certificate of the clerk "shows affirmatively that [at the sale conducted by the collector] lands were not sold in separate tracts, lots and parts of lots, as is required by law, and that the clerk's certificate is controlling and cannot be impeached, and the sale is void because thereof.''

There was a further finding that "At the time the lands were certified to the state of Arkansas, the defendant, H. S. Hodges, the father and father-in-law of the defendants, was a member of their household and residing on the property, and receiving the benefits thereof, and that any redemption of said lands amounted to a redemption in favor of the mortgagors."

In the agreed statement of facts, this language appears: "Hodges . . . is a member of the household [of L. J. and Jennie Hudson] to the extent that he resided in the home of J. L. Hudson and Jennie Hudson on the . . . property at the time of and shortly before the Hudsons vacated said property."

We are of the opinion that the tax title is not void, but since the case must be affirmed on grounds not affected by validity of the state deed, a discussion of reasons is pretermitted.

The facts show that Hodges was living with his daughter and son-in-law "at the time and shortly before the Hudsons vacated said property." Necessarily he was receiving benefits from such accommodations, and from use to which the property was being put. It was the duty of the mortgagors to pay the taxes. No legal obligation to make such payment attached to Hodges; but, being one of those who during a part of the period from 1933 to 1935 made use of the property at a time when monthly installments on the original loan, and taxes, were not being paid, he will, in equity, be treated as one who redeemed for the benefit of the obligors. *Zimmerman* v. *Franklin County Savings Bank & Trust Co.,* 194 Ark. 554, 108 S. W. 2d 1074.

The decree is affirmed.