HARGRAVE *v.* WILLIAMS.

4-5808                                       138 S. W. 2d 1045

Opinion delivered March 11, 1940.

*James H. Nobles, Jr.,* and *J. R. Wilson,* for appellant.
*Surrey E. Gilliam,* for appellee.

McHANEY, J. The title to 18 acres only of land in Union county is involved in this appeal. The record comprises 608 pages, and appellant's brief is 379 pages long. Prior to the discovery of oil in its vicinity in 1937, this land was not worth more than $5 per acre, and appellees say it is probably not worth more than that amount now, because this land has been shown to be unproductive for oil. At one time this tract of land had a high speculative value, and it was stipulated that the lease alone sold for $250 per acre, and the money therefor was long ago divided by agreement among the parties to this suit.

Appellants, Geneva Miller and her husband, Robert Miller, purchased the tract from C. B. Hargrave, the deceased father of the other appellants, on a credit. They failed to pay the taxes for 1930 in 1931, and said tract was sold and certified to the state. None of the appellants ever paid any taxes on the land after the sale to the Millers. On January 19, 1935, appellee, Jeff Phillips, purchased same from the state, receiving a tax deed thereto. This suit was brought by the Millers and the heirs at law of Hargrave to cancel the tax deed from the state to Jeff Phillips, also to cancel a tax deed to an eleven-acre tract from the state to appellee, E. C. Williams. The deed to this latter tract was canceled, and, as there is no appeal from this branch of the case, Williams passes out as one of the parties to this appeal.

It is urged that the tax sale to the state in 1931 was void. One of the grounds of invalidity argued is, that "the school taxes were not certified to the quorum court by the County Board of Education," and "for the further reason that the county clerk did not complete the record required by the statutes reflecting the proceedings of the County Board of Education with reference to school taxes for the district in which the 18-acre tract was located."

Appellants are in error in this regard, for the county clerk testified to the contrary. He testified from the bound record of the County Board of Education with reference to the returns of annual school meetings for May 17, 1930, and read into the record "the proceedings of the County Board of Education showing school district taxes at the annual meeting had and held on May 17, 1930."

This record showed the millage tax voted and the directors elected in the various school districts of the county. This record was properly certified and sworn to by the chairman and secretary of the county board of education and was undoubtedly before the quorum court when the levy of taxes was made. This was sufficient. *Anthony* v. *The Western & Southern Life Ins. Co.*, 198 Ark. 445, 128 S. W. 2d 1014.

It is next argued that the sale was void, because the assessor failed to attach to his assessment roll the oath prescribed by § 18 of act 172 of 1929. That section prescribes a form of oath to be attached to his reports, and this form is preceded by this proviso: "provided, the clerk shall not receive said reports unless—and to each of which the assessor shall have attached his oath in the following words:" (then follows the oath). The assessor attached his oath as follows: "I, A. G. Williams, tax assessor of Union county and state aforesaid, do solemnly swear that the foregoing is correct, and I have appraised each tract or lot of land, except such as is exempt from taxation, at the percentum of its cash value as agreed upon by the Board of State Tax Commissioners. So help me, God." We think it would be placing form above substance to hold the sale void on this irregularity. No substantial right of the taxpayer was prejudiced thereby. See *Hudson* v. *Marlin, Receiver*, 196 Ark. 1070, 121 S. W. 2d 91.

Another invalidity in the tax sale suggested is that the clerk, in making up the tax books failed to use ditto marks opposite each description under the section, township and range listed at the head of each such section. Aside from the fact that appellants failed to allege any such defect, we think this objection is captious and wholly without merit.

These are all the irregularities in the tax sale relied on for a reversal of the decree, and, as we have shown, they are not sufficient. But appellants say that appellee, Jeff Phillips, went into possession of the tract as a tenant of the Millers, or that his possession was permissive, and, for this reason, he could not acquire valid title at a tax

sale.  The court found that Phillips was not a tenant of the Millers.  Conceding the rule of law contended for by appellants, it is conditioned on the relationship.  A great many cases are cited by both parties, but we think it unnecessary to review them, as we are convinced that the finding of the court in this regard is supported by a preponderance of the evidence.  At least, we cannot say this finding is against such preponderance.  It is purely a question of fact, and a review of the evidence would serve no useful purpose as a precedent.

We find no error, and the decree is accordingly affirmed.