WILLETT *v.* KELLEY.

4-6535                                              157 S. W. 2d 34

Opinion delivered December 15, 1941.

*W. A. Jackson* and *Smith & Judkins,* for appellant.

*R. C. Waldron* and *E. H. Tharp,* for appellee.

HUMPHREYS, J.  On November 28, 1925, A. L. Felts and his wife, Lora A. Felts, obtained an advance from the Arkansas Building & Loan Association, Perpetual, of Little Rock, Arkansas, of $2,250 on 90 shares of stock owned in said building and loan association by A. L. Felts under an agreement that he would mature the stock by monthly payments of dues in order to pay said advance. The monthly dues were fixed and a mortgage was given by the Felts upon lot 5, block 17, original town of Hoxie, Arkansas, together with the tenements, hereditaments and the appurtenances thereto belonging to secure the note, or bond, and to secure the monthly dues, fines, etc., in case of failure to meet the regular dues and to pay the interest upon the property, taxes, etc., upon the failure of the Felts to pay same.  The contract included a provision that when the stock was matured in the regular course and all payments made as therein provided, the note, or bond, should be surrendered and the mortgage canceled.

There was an accelerating clause in the mortgage to the effect that in case any of the conditions in the contract were not performed by the Felts within three months, then the secretary of said association might declare all sums due, under the terms of the instrument, immediately. This was optional, however, under the terms of the contract, consisting of the bond, or note, and the mortgage.

The Felts were in possession of the property at the time they made the mortgage and have been in possession thereof at all times since that date; that is, they have been residing in the house, together with the mother of Mrs. Felts', Mrs. C. P. Willett.  Before maturity of the obligation of the grantee in the note, or bond, and the mortgage duly assigned, for a valuable consideration, same to the Union Savings Building & Loan Association, and the Union Savings Building & Loan Association, a corporation, assigned and conveyed the obligation by

quitclaim deed to the plaintiffs in the cause, who are the appellees herein, for a valuable consideration on May 2, 1933.

In the mean time and while the Felts were living in the property, together with Mrs. Felts' mother, Mrs. C. P. Willett, and Mr. R. M. Willett, husband of Mrs. C. P. Willett, they failed to pay the taxes on said real estate for the year 1928, and the property forfeited to the state for the non-payment of the taxes on June 10, 1929. None of them redeemed the property and it remained unredeemed until December 3, 1931, when Mrs. C. P. Willett purchased said property from the state and received a quitclaim deed from the state, said property having been certified to the state two years after the state had bought it at the sale thereof on June 10, 1929, for the 1928 taxes.

Appellees brought this suit on the 3rd day of January, 1934, to foreclose the mortgage against the land and to have the quitclaim deed of Mrs. C. P. Willett canceled as a cloud upon the title thereof and, upon failure to pay the indebtedness then due under the terms of the note, or bond and the mortgage, a lien be declared on said land for the amount due, and upon failure to pay same within a reasonable time that said land be sold to liquidate the amount due.

The Felts filed an answer admitting the execution of the note, or bond and mortgage, but denying any liability thereon because they say at the date the suit was instituted the debt was barred. Mrs. C. P. Willett filed a separate answer in substance, to the effect, that she bought the land from the state with her own money and without any collusion with the Felts.

The trial court took the case under consideration on the issues joined in the pleadings together with the evidence introduced by the respective parties and rendered a decree canceling the quitclaim deed of Mrs. C. P. Willett from the state on the ground that her purchase amounted to a redemption for the Felts and rendered a decree foreclosing the mortgage against the property involved for the amount found to be due upon the note, or bond

and mortgage, and ordered that unless same was paid within 90 days the commissioner of the court should sell the land to satisfy the amount found to be due together with all costs of the proceedings, from which both the Felts and Mrs. C. P. Willett duly prosecuted an appeal to this court.

The evidence is voluminous, but, after a careful reading thereof, we have concluded that notwithstanding the fact that A. L. Felts notified the original mortgagee in the year 1926 that he did not intend to carry out the contract this did not automatically require the original mortgagee, or its assigns, to enforce the accelerating clause and to declare the debt due at once. The accelerating clause in the contract was entirely optional with the mortgagee, or its assigns. The contract provided for a long period of time in which the Felts might pay the indebtedness by maturing Mr. Felts' stock by the payment of monthly dues, etc. Really the date of the payment of the debt, disregarding the accelerating clause, was when the stock should mature. The stock was not matured at the date when the suit was brought, and, therefore, no statutory bar attached against the payment of the debt.

Under the existing facts in this case the tax deed of Mrs. C. P. Willett is void and of no effect. It is true that Mrs. C. P. Willett did not sign the note, or bond and mortgage, and is not in any sense a party to it, but at the time of its execution and ever since that time she and her husband have resided in the home of the Felts. She was the mother of Mrs. Felts, she was enjoying and has been enjoying all along the benefits of the occupancy of the property and must have known, in view of her relationship and occupancy of the property, that the Felts permitted the property to forfeit for taxes in the year 1928, and that the state purchased same, and that two years thereafter, when it had been certified down to the state, the Felts were in duty bound to pay the taxes. It is true that under her testimony she swore that the amount she paid to the state for the quitclaim deed for said property was her individual money, but, owing to her relationship and occupation of the property, she was in no sense a third party or an innocent purchaser of the tax title.

Under the facts in the instant case the rule announced in the case of *Hudson* v. *Marlin,* 196 Ark. 1070, 121 S. W. 2d 91, and the. case of *Zimmerman* v. *Franklin County Savings. Bank & Trust Co.,* 194 Ark. 554, 108 S. W. 2d 1074, is controlling and authority for the correctness of the decree rendered by the chancery court herein. The facts in the instant case are not materially different from the facts in the cited cases.

The decree of the chancellor is, therefore, affirmed.