BEREMAN et al. v. GRANT et al.

No. 30844.  April 10, 1945.

*157 P. 2d 743.*

Falkenstine & Fisher, of Watonga, for plaintiffs in error.

E. Blumhagen, of Watonga, for defendant in error.

PER CURIAM. This is an action brought in the district court of Blaine county by Theona E. Bereman, Fay M. Bereman, Leonard B. Searle, and John Dorman Searle against Guy Grant and Guy Grant as administrator of the estate of Q. C. Grant, deceased, for the foreclosure of a mortgage.

Guy Grant is the son of Q. C. Grant. After the commencement of this action Q. C. Grant died and the action was revived in the name of Guy Grant as administrator of his estate.

The mortgage in question was executed by Q. C. Grant and his wife to the Pittsburg Mortgage Investment Company to secure a note in the sum of $800. The note and mortgage were thereafter assigned to D. R. Bereman. D. R. Bereman died some time during the year 1937 and the plaintiffs are her heirs at law and acquired the note and mortgage upon her death.

Guy Grant in his separate answer and cross-petition to plaintiffs' petition asserted title to the lands sought to be foreclosed and alleged that he acquired such title by purchase at a county commissioner's sale.

Plaintiffs in answer to such cross-petition assail the tax deed and claim same to be void and assert that such title was acquired by defendant Guy Grant as a mere subterfuge between himself and his father for the purpose of defeating plaintiffs' mortgage; that Guy Grant and his father at the time of acquiring the tax deed and for some time prior thereto were living on the land together and jointly operating the same; that Guy Grant was managing the business for his father; that he at all times listed the property for taxation and paid the taxes thereon; that Guy Grant had such interest in the property and there was such fiduciary relationship between the parties as would

prevent and estop Guy Grant from acquiring a tax title thereto.

The trial was to the court and resulted in a judgment in favor of cross-petitioner Guy Grant. Plaintiffs have appealed and as grounds for reversal assert the judgment rendered is contrary to law and against the clear weight of the evidence.

Plaintiffs offered their note and mortgage in evidence and the assignments thereof and defendant Guy Grant offered his commissioner's tax deed in evidence.

Plaintiffs offered rebuttal evidence which, in substance shows: Defendant Guy Grant and his father were occupying the premises together at the time the tax title was acquired and had been so occupying the same for six or seven years prior thereto; that they jointly farmed the land. There is some slight testimony from which the conclusion might be drawn that they jointly participated in the profits therefrom. Defendant Guy Grant managed and looked after his father's business. He listed his father's property both personal and real for taxation and paid the taxes thereon.

This, in substance, constitutes the evidence offered by plaintiffs.

This evidence fails to show that there was any conspiracy entered into between Guy Grant and his father to the effect that Guy Grant should acquire a tax title to the land for the purpose of defeating plaintiffs' mortgage. It also fails to show that there was any agreement between Guy Grant and his father that Guy Grant should acquire title to the land for and in behalf of his father.

The evidence, however, is sufficient from which the court might have properly drawn the conclusion that a fiducairy relationship existed between Guy Grant and his father and that Guy Grant had such interest in the land as would have precluded him from ac-

quiring a tax title. If the clear weight of the evidence as a whole compels such conclusion, then judgment should have been rendered for the plaintiffs. Brooks v. Garner, 20 Okla. 236, 94 P. 694. See, also, Union Savings Ass'n v. Cummins, 78 Okla. 265, 190 P. 869; Grison Oil Corporation v. Lewis, 175 Okla. 597, 54 P. 2d 386. In Hudson v. Marlin, 196 Ark. 1070, 121 S.W. 2d 91, the Supreme Court of Arkansas held:

"A purchaser of mortgaged property sold for nonpayment of taxes who occupied mortgaged premises with mortgagors, his daughter and son-in-law, during time when installments on mortgage loan and taxes were not paid by mortgagers as required by mortgage, could not acquire title to the property in equity, as against the unpaid mortgagee, since such purchase would be treated as a redemption for benefit of mortgagors."

And in that case the court said:

"There was a further finding that 'At the time the lands were certified to the State of Arkansas, the defendant, H. S. Hodges, the father and father-in-law of the defendants, was a member of their household and residing on the property, and receiving the benefits thereof, and that any redemption of said lands amounted to a redemption in favor of mortgagors. . . .

"The facts show that Hodges was living with his daughter and son-in-law at the time and shortly before the Hudsons vacated said property. Necessarily he was receiving benefits from such accommodations, and from the use to which the property was being put. It was the duty of the mortgagors to pay the taxes. No legal obligation to make such payment attached to Hodges; but, being one of those who during a part of the period from 1933 to 1935 made use of the property at a time when monthly installments on the original loan, and taxes, were not being paid, he will, in equity, be treated as one who redeemed for the benefit of the obligors. Zimmerman v. Franklin County Savings Bank & Trust Co., 194 Ark. 554, 108 S.W. 2d 1074."

See, also, Buffum v. Lytle, 66 Fla. 355, 63 So. 717; Gibson & Co. v. Elze, 88 Colo. 181, 293 P. 958.

Defendant Guy Grant in many respects corroborated the evidence offered by plaintiffs. He admitted that he and his father lived on the premises together for a number of years and up to the time of the death of his father, who died at the age of 87. He admitted that in many respects he transacted his father's business; that for a number years he listed the property for taxation and frequently paid the taxes assessed against the land, his father, however, furnishing the money. He knew the taxes were delinquent and also knew that his father was in arrears on the payments of the mortgage. He contended he was a mere tenant of his father, but he and his aged father received the income and revenue from the land, and under such circumstances as to warrant the conclusion that it would be inequitable to permit him to acquire title adverse to the rights of the mortgagee.

In his cross-petition he seeks only to quiet title in the premises as against the mortgagees. He made no effort to quiet title as against his father or his father's heirs; in fact, the same attorny appeared for him and his father.

We think, taking into consideration the evidence as a whole, the clear weight thereof shows such a fiduciary relationship existing between the father and the son and such a moral duty resting upon the defendant Guy Grant to see that the taxes were paid which would make it inequitable to permit him to acquire a tax title against either his father or the mortgagees.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.