## CRANE v. TAYLOR.
### No. 34929.

Supreme Court of Oklahoma.
June 23, 1953.

As Corrected July 11, 1953.

Rehearing Denied Oct. 6, 1953.

John M. Luttrell and T. L. Turner, Norman, for plaintiff in error.

Wise & Ivester, Sayre, for defendant in error.

DAVISON, Justice.

This is a suit wherein the plaintiff, J. Luther Taylor, seeks to quiet his alleged title to the oil, gas and other minerals underlying a 160 acre tract of land in Roger Mills County, Oklahoma, as against the defendant, Hettie Lou Crane, and her claim of title under a certificate tax deed to the property. The parties will be referred to as they appeared in the trial court.

The case was tried upon an agreed statement of facts. On October 20, 1917, Mary S. Taylor and the plaintiff herein, by warranty deed, conveyed the lands to one E. W. Crane, reserving, however, to said grantors all oil, gas and other minerals underlying the same. Prior to the institution of this suit, the plaintiff became the sole record owner of the entire reserved mineral estate. In November, 1936, the property was sold for nonpayment of taxes and was struck off in the name of the county. Subsequently, in December, 1936, the defendant, Hettie Lou Crane, purchased the tax sale certificate from the county. She was the adult single daughter of the said E. W. Crane, residing with her parents in the family home in Cheyenne, Oklahoma.

In due time she made application to the county treasurer for a tax deed and properly and legally served plaintiff with notice of such application. Pursuant thereto, the county treasurer issued a certificate tax deed on May 2, 1939, which was duly and regularly filed for record on the same day. At all times thereafter, defendant was in open, notorious, exclusive, adverse and peaceable possession of the premises through her tenants. On May 5, 1939, she received a quitclaim deed to the property from her parents, the said E. W. Crane and his wife, which said deed was put of record March 3, 1949. At all times, the said E. W. Crane owned considerable other real and personal property including cash and was well able to have paid the taxes on the lands here involved.

Plaintiff filed his petition herein seeking cancellation of defendant's tax deed insofar as the mineral estate was concerned, not because of any irregularity in the tax sale procedure or tax deed, but because of defendant's incapacity to purchase a tax title to the prejudice of plaintiff. The grounds for relief, as alleged in the petition, are as follows:

"That at the time of such sale and thereafter at the time the tax sale certificate was assigned to this defendant and at the time of the execution and delivery of said tax sale certificate to this defendant, the surface and all other rights, title and interest except in said oil, gas and other minerals and mineral interests and mineral rights, belonged to E. W. Crane. The said E. W. Crane was the father of the defendant Hettie Lou Crane and at all of said times the said defendant, Hettie Lou Crane, was a member of the household of E. W. Crane and was making her home with the said E. W. Crane. That the said E. W. Crane had owned said lands since he acquired title thereto by deed dated October 20, 1917, and which is of record in Book

22 of Deeds at Page 463 of the records of the County Clerk of Roger Mills County, Oklahoma, and the said E. W. Crane paid all of the taxes on said lands from said time until he allowed the taxes to become delinquent in the year 1936 and permitted the lands to be thereafter sold for taxes as above set out."

The trial court granted plaintiff the relief sought and defendant has perfected this appeal.

■ Plaintiff's right to recover is dependent upon the applicability of the following rule of law, as stated in 51 Am.Jur. 920, which he insists is here controlling:

"The effect of the principle which precludes one under obligation to pay taxes from becoming the purchaser at a sale for delinquency in payment of taxes cannot be evaded by such person by allowing the property to be sold to a third person and then purchasing it from him, by organizing a corporation and causing the tax deed to be made to it, or by any other collusive arrangement which would directly or indirectly defeat the operation of the rule."

■ That rule has been adopted and is well established in this jurisdiction. It has been applied in numerous cases, most predominant of which is that of Bereman v. Grant, 195 Okl. 330, 157 P.2d 743. In that case it was held that,

"A son, living with his aged father upon and in charge of the property mortgaged by the father, will not be permitted, by securing a tax deed thereto, to defeat the lien of a mortgage, in the presence of facts indicating and showing a moral obligation upon the son to see that the taxes are paid."

The controlling factor there, and the foundation of the rule applied, was the fact that there was "a moral obligation upon the son to see that the taxes are paid." It is the violation of a moral obligation to pay the taxes that establishes the incapacity to purchase a tax title. The family relationship is unimportant except insofar as it may be evidence tending to prove the moral obligation.

The same proposition was very recently before this court in the case of Edwards v. Gann, 208 Okl. ——, 255 P.2d 499, 500. Therein, we said:

"It will be noted, however, that, in all cases where the tax deed is stricken down, one of two situations exists. Either the purchaser of the tax title was under moral obligation to pay the taxes in the first instance or such purchaser was guilty of fraud in some degree in acquiring the same. * * *"

In the case at bar, the evidence discloses no obligation on the part of the defendant to pay the taxes on her father's land. He was well able to do so himself if he so desired. She had no authority from him to act in his behalf in any business matter. As to the other ground for incapacity to purchase the tax title—that of fraud—the petition contains no allegation of fraud, collusion or inequitable conduct. The proof does not tend to establish any.

■ Indeed, the stipulation of facts precludes any inference of bad faith on the part of defendant. It was admitted that at least 60 days before the tax deed was executed, plaintiff was "properly and legally served with notice of said defendant's application for said certificate tax deed." Had plaintiff desired to protect himself he could have done so because "Where one having interest in real property by lien or otherwise is compelled to pay prior tax liens thereon to protect his own interest, he is not a mere volunteer and is entitled to an equitable lien against the interest of the person who should have paid the taxes." Cochran v. Godard, 182 Okl. 506, 78 P.2d 692. Not having seen fit to protect himself, he should not now be allowed to complain in the absence of any fraud, collusion or inequitable conduct on the part of the defendant when there was no moral or legal obligation to pay the taxes resting upon her.

The judgment is reversed and the cause remanded with directions to enter judgment for defendant.

JOHNSON, V. C. J., and WELCH, ARNOLD, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.

HALLEY, C. J., and CORN, J., dissent.