DELTA OIL COMPANY *v.* John CATALANI et ux

82-43                                               633 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered May 10, 1982
[Rehearing denied June 14, 1982.]

*Billy J. Hubbell*, for appellant.

*W. H. Drew* of *Drew & Mazzanti*, for appellees.

FRANK HOLT, Justice. The appellant filed suit December 28, 1979, against the appellees seeking a judgment on appellees' promissory note in the amount of $18,760.23 and to foreclose a mortgage of even date to secure the note. The appellees raised the defenses of lack of capacity to sue, laches, estoppel, statute of limitations, usury, and failure of consideration. The chancellor found for the appellant on all issues except that the five year statute of limitations barred its suit. Ark. Stat. Ann. § 37-209 (Repl. 1962). Hence this appeal and cross-appeal.

Appellant first contends that the chancellor erred in finding that the promissory note provided for payment of interest annually with the first installment being due and

payable January 1, 1974. The note provides in pertinent part:

> FOR VALUE RECEIVED, We, the undersigned, or either of us promise to pay to the Delta Oil Company the sum of Eighteen Thousand Seven Hundred Sixty and 23/100 Dollars ($18,760.23) with interest from date at the rate of Eight per cent (8%) per annum due and payable as follows:
>
>> Due and payable in Five (5) Annual installments of $2500.00 (principal and interest) with the first installment commencing on January 1, 1975, with the outstanding balance of principal and interest being due and payable on January 1, 1980.
>
> — — — — — — — — — —
>
> It is specifically understood and agreed that if installments of interest or the principal payment due hereunder is not paid on the due date as set forth herein, that such delinquent installment shall bear interest at the rate of Ten Percent (10%) from the due date until payment is made.
>
> It is expressly agreed that in the event that default is made in the payment of any of said Note of Interest after its maturity that the holder of said Note may, at his option, declare all the remaining Note and Interest also due and payable.

The mortgage provides for the same payment schedule.

The chancellor found that the note was ambiguous with respect to the terms of payment and, after hearing testimony from the parties, also found that the appellant had exercised its option in February, 1974, to accelerate the entire indebtedness because of nonpayment of the annual interest due and payable on that date. The court specifically found "that the tenor of the note provides for annual interest payments of 8% of the principal balance due after annual maturity." Consequently, since more than five years had

elapsed before appellant instituted this action in December, 1979, it was barred by the statute of limitations.

Appellees adduced proof that the appellant, through its president, orally demanded payment of $1,500 accrued interest on February 5, 1974, and when they advised this official they could not pay the accrued interest or anything on the principal, he stated that he would foreclose on the whole note. The next day the appellees wrote a letter to the appellant, which was introduced into evidence, reiterating their inability to pay the note and accrued interest and that appellant would have to foreclose on the mortgage. They stated that they could not and would not make any payments on the note nor any of the accrued interest. They requested that appellant commence the threatened foreclosure so that "we may proceed in bankruptcy as soon as possible." The next day they consulted with an attorney about bankruptcy proceedings. Appellant denied that he had made the oral demand for payment, that he had threatened to file a foreclosure action, and, although he had occasionally discussed with them his need for payment and their inability to pay on the note, he took no formal action to accelerate the payment of the indebtedness until he filed this action in December, 1979.

Be that as it may, we are of the view that the note is not ambiguous with respect to the payment schedule. It specifically states that the principal *and interest* are due and payable in five annual installments beginning January 1, 1975, and that on January 1, 1980, (a sixth payment) the balance of the principal and interest would be due and payable. This is commonly known as a balloon note. The note provided that the appellant, at its option, had the right to accelerate payments of principal and interest only upon default of interest following its maturity. It is true that the interest accrued annually. However, the first payment of interest did not mature until January 1, 1975. Therefore, by the written terms of the payment schedule, the first interest payment was not in default until then. Consequently, appellant's action in December, 1979, was not barred by the statute of limitations. We further observe that notification by the debtors that they did not intend to pay the note did not

automatically activate the acceleration clause since this provision is for the option and benefit of the creditor. *Willett v. Kelley,* 203 Ark. 350, 157 S.W.2d 34 (1941); and *Hodges v. Taft,* 194 Ark. 259, 105 S.W.2d 605 (1937).

We deem it unnecessary to discuss appellant's other contentions for reversal.

On cross-appeal appellees assert the trial court erred in finding Delta Oil had the legal capacity to sue as it was without legal corporate existence, had terminated and changed its authorized business address and failed to continuously maintain a registered office. They further contend that pursuant to Ark. Stat. Ann. § 64-117 F (Repl. 1980), the certificate from the Secretary of State stating that the appellant was a corporation in good standing at all times pertinent to this action was insufficient to prove the corporation's legal existence. We disagree. The Secretary of State's certificate makes a *prima facie* case as to the proof of its corporate existence. § 64-503 B. The validity of this certificate was uncontroverted except for appellant's failure to file a change of address as to its registered office or agent. It appears that the requirement that a corporation maintain a registered office and agent with proper address is to make it amenable to service of process or notice of other proceedings. § 64-115. Here, the appellees have not demonstrated that they were prejudiced in any manner by the change of address of appellant's registered office and agent from one county in this state to another.

Appellees further assert the note was usurious. They claim the entire indebtedness, with interest, represented by the 1973 note was $16,438.55, not $18,760.23, the difference representing a usurious interest rate. Appellant's witness testified that on February 6, 1970, the Catalanis owed the appellant $10,856.75. This was evidenced by a promissory note. There was an additional $5,982.03 in bad checks from appellees that was not included in the 1970 note as well as $1,921.00 that appellant had paid Murphy Oil on behalf of appellees' excess over their credit limit. The 1973 note merely combined all the indebtedness into one note. Here

the chancellor found there was no evidence of usury and we cannot say his finding is clearly erroneous.

Appellees' final contention is that the appellant was guilty of laches. They assert their business records were only kept for five years and that the appellant unnecessarily delayed in bringing this action. A sufficient answer to this argument is that the appellant brought the action within the permissible time frame of appellees' note.

On direct appeal the decree is reversed and the cause remanded for proceedings consistent with this opinion. Affirmed on cross-appeal.