Dear Auditor and Inspector Scott,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Pursuant to the provisions of 68 O.S. 3101 — 68 O.S. 3152 (1991-1999), are there any limitations on who is entitled to a certificate of tax sale?
¶ 1 A certificate of tax sale is one step in a procedure designed to satisfy delinquent property taxes. Under this scheme, if taxes are owed and unpaid on a particular piece of real property, a lien is placed on the property, which is subject to forced sale by the county. The county must publish notice of such sale, listing to be sold the land on which taxes are delinquent, the time and place of the sale, the name or names of the last owner or owners as reflected by the records in the of fice of the county treasurer, and the amount of taxes due and delinquent.See 68 O.S. 3106 (199). Sale on the land is held the first Monday of October. See 68 O.S. 3107 (1991). The first person[1] who offers to pay in full the delinquent taxes and accompanying costs is issued a certificate of tax sale. See68 O.S. 3108 (1999). This successful purchaser is issued a certificate describing the land purchased and the sum paid, and the time at which the purchaser can exchange the certificate for a deed. See 68 O.S. 3111 (1999). After that sale, the owner of record has two years in which to pay the back taxes, plus interest and costs. If the owner does not do so within that period, the holder of the tax certificate can exchange the certificate of tax sale for a deed to the land. See 68 O.S.3118(A) (1999).
¶ 2 You want to know if the statutes outlining the above procedure prohibit any person from obtaining a certificate of tax sale. The Oklahoma Supreme Court has stated:
 "One who is under a moral or legal obligation to pay the taxes is not in a position to become a purchaser at a sale for such taxes; and, if such person permits the property to be sold, and buys it in, either in person, or indirectly through the agency of another, he does not thereby acquire any right or title to the property, but his purchase is deemed a mode of paying taxes."
Warner v. Day, 170 P.2d 246, 248 (Okla. 1946) (quotingBrooks v. Garner, 94 P. 694, 695 (Okla. 1908)); see also Akinv. Loudder, 200 P.2d 763 (Okla. 1948) (syllabus by court) (same).[2]
¶ 3 Aside from the prohibition against the owner or his agent, the Oklahoma Supreme Court has not placed any restrictions on who is entitled to a certificate of tax sale. In one syllabus, the Court stated that "anyone may acquire a tax title to realty where no fraud, collusion or inequitable conduct is involved and where there is no obligation upon such purchaser to pay the taxes."Crane v. Taylor, 261 P.2d 587, 588 (Okla. 1953) (emphasis added).
¶ 4 This is reflected in the statutory language dealing with delinquent property taxes, 68 O.S. 3101 — 68 O.S. 3152
(1991-1999). See 68 O.S. 3108 (1999) ("The first person who offers to pay the full amount due on any parcel of land shall be considered to be the successful purchaser.") id. (emphasis added); ("If any person is desirous of purchasing the interest of the county in the real estate, the person shall have an absolute right to purchase a certificate. . . ."). Id. (emphasis added).
¶ 5 Therefore, under the statutes outlining the procedure for the collection of delinquent taxes, 68 O.S. 3101 — 68 O.S.3152 (1991-1999), a person who is under a moral or legal obligation to pay the delinquent taxes cannot become a purchaser at a sale for those delinquent taxes. Aside from this type of situation where fraud, collusion or inequitable conduct is involved, there is no other limitation under these statutes on who is entitled to a certificate of tax sale.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The Oklahoma Supreme Court has held that the provisions of 68 O.S. 3101 — 68 O.S. 3152 (1991-1999) (which provide a method for satisfaction of delinquent property taxes) prohibit a person who is under a moral or legal obligation to pay delinquent taxes on real property from becoming a purchaser at a sale for that property. Aside from this situation where fraud, collusion or inequitable conduct is involved, there is no other limitation under these statutes on who is entitled to a certificate of tax sale.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 DAN CONNALLY ASSISTANT ATTORNEY GENERAL
[1] The word "person" here is being used as defined in the Oklahoma Statutes: "the word `person,' except when used by way of contrast, includes not only human beings, but bodies politic or corporate." 25 O.S. 16 (1991).
[2] The term "moral obligation" is not commonly defined in Oklahoma law. In a case involving a candidate's eligibility to participate in a primary election based on an affidavit stating the candidate previously supported members of his party in general elections and would support members of his party in future elections, the State Supreme Court said that a "moral obligation in law" was defined as "one that cannot be enforced by action, but which is binding on the parties who incur it in conscience and according to natural justice." Swindall v. StateElection Bd., 32 P.2d 691, 694 (Okla. 1934). In an earlier case, the phrase was characterized as recognizing an obligation to pay debts created by the person's predecessors, "from which she received some advantage or benefit, and for which she was not legally liable." City of Guthrie v. Territory, 31 P. 190, 194
(Okla. Terr. 1892).
The cases dealing with tax sales seem to define the term by differentiating between cases where the former owner was under a "personal or moral obligation to protect third parties, such as mortgagees, cotenants, lienholders or lessees, when he re-acquires title to land burdened with such obligations by the acts of such former owner," State ex rel. Haning v. North,311 P.2d 223, 227 (Okla. 1957), and those where no such obligation existed. Cf Bevan v. Shelton, 469 P.2d 245 (Okla. 1970) (father who owned one-third interest in land and was in possession by way of his probate homestead had obligation to pay taxes assessed against the land; and that, when he failed to pay taxes resulting in tax sale, father's subsequent purchase of land from grantee who purchased from tax sale purchaser was a mode of redeeming land from tax sale and father's interest so acquired inured to daughters as to their two-thirds interest in the land);Knutter v. Smith, 307 P.2d 137 (Okla. 1957) (where grantee of land sold for delinquent ad valorem taxes had been owner of an undivided three-eighths interest in such land at time of resale, he was under moral obligation to pay taxes thereon and could not by his own neglect defeat his co-tenant's interest by obtaining a title through the sale of land for taxes); North,311 P.2d at 228 (former owner, with no such obligation to third parties, after a valid resale of the lots to county, had right to acquire a valid title from the County Commissioners, either in his own name or that of his agents; county, as grantee at valid resales had acquired a new title in fee simple, free from all delinquent taxes); Morris v. Wells, 381 P.2d 882 (Okla. 1963) (grandson had no legal or moral obligation to pay the taxes, even when evidence showed that grandson — who would not inherit property-accepted rentals from property (which could not both support owner and pay taxes) and gave them to grandmother, who accepted money knowing taxes were not being paid and would not be paid. Grandson was under no moral duty to pay the taxes). Family relationship is unimportant except insofar as it may be evidence tending to prove the moral obligation. Bereman v. Grant,157 P.2d 743 (Okla. 1945) (son, living with his aged father upon and in charge of the property mortgaged by the father, was not permitted by securing a tax deed to defeat the lien of a mortgage, in the presence of facts indicating and showing a moral obligation upon the son to see that the taxes were paid); cfCrane v. Taylor, 261 P.2d 587 (Okla. 1953) (evidence disclosed no obligation on the part of daughter to pay the taxes on her father's land. Father was able to do so himself if he so desired, and daughter had no authority from him to act in his behalf in any business matter). Whether one has a moral obligation to pay taxes on real property is a question of fact.